## PHILANDER V. SAUNDERS, Respondent, *v.* SOUTHERN PACIFIC COMPANY, Appellant.

Carriers—Contributory Negligence—Evidence—Conclusions—Prejudicial Error.

1. For a decision of the questions raised herein respecting contributory negligence, and the instructions of the court, reference is made to the case of Nelson v. Southern Pac. Co., 15 Utah 325, where the same questions were considered. The plaintiff herein was injured at the same time and place that the plaintiff's intestate therein was killed. The Nelson case followed.

2. Where a court permits a witness, not an expert, over objections, to give his conclusion as to a matter which the jury ought to determine, it is prejudicial error.

(No. 780.   Decided June 19, 1897.)

Appeal from the Second district court, Weber county. Hon. H. H. Rolapp, *Judge.*

Action of Philander V. Saunders against the Southern Pacific Company for injuries received on defendant's railroad. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Marshall & Royle,* for appellant.

*Evans & Rogers* and *A. G. Horn,* for respondents.

Bartch, J.:

This case was before us on a former occasion, and is reported in 13 Utah 275. It is an action for damages for personal injuries alleged to have been sustained because of the negligence of the defendant. The jury returned a verdict in favor of the plaintiff in the sum of $7,500, and the court entered judgment for that sum. Afterwards,

when the motion for a new trial was being decided, the plaintiff, at the instance of the court, in order to avoid the granting of the motion, remitted a part of the judgment, so as to reduce it to $5,000, and judgment was then rendered accordingly. The plaintiff in this case was injured at the same time that the plaintiff's intestate in the case of *Nelson* v. *Southern Pac. Co.*, 15 Utah 325, was killed. They were both walking together on top of the cars, and were struck by the timbers of the overhead structure of the snowshed at the same time. This is an appeal from the judgment, and from the order overruling a motion for a new trial; but since no appeal lies, under the constitution, from an order overruling a motion for a new trial, as was decided in *White* v. *Pease,* 15 Utah 170, the only effectual appeal is that from the judgment.

Counsel for the appellant insist that the court erred in its instruction to the jury, wherein it stated that: "Unless you further believe from the evidence in this case it was a usual custom or practice among sheep men, at or prior to the time of the injury, and at or near the place of the injury, to walk across the tops of the cars, and that such custom or practice was known to the defendant or its agents, and acquiesced in by them." This clause, and the part of the charge which it qualifies, also appear in the charge of the court in the Nelson Case, above mentioned. The principal and qualifying clauses taken together were there held to be erroneous. We refer to that case for our views on this point therein.

At the trial the witness Thomas Nelson was asked by counsel for plaintiff the following question: "Did you consider it dangerous, if a man was walking with his face towards the east, and the train running west, and the train should go under a snowshed, if the timbers were

high enough to permit him to pass?" The witness was permitted to answer this question, over the objection of the defendant. Whether or not it was dangerous for a man to walk on top of the cars, under the circumstances of the case, was for the jury to decide, in determining the question of contributory negligence. The calling for a conclusion of the witness was therefore improper, and the answer was prejudicial error.

All the principal points herein referred to were also presented and decided in the Nelson Case, hereinbefore mentioned; and on the authority of that case this cause is reversed and remanded, with directions to grant a new trial.

ZANE, C. J., and HILES, District Judge, concur.