PERCY A. BLACK, Respondent, v. ROCKY MOUNTAIN BELL TELEPHONE COMPANY, a Corporation, Appellant.

No. 1465.   (73 Pac. 514.)

1. Master and Servant: Telephones: Injury to Lineman: Negligence: Evidence.

Where, in an action for injuries to a servant, defendant's foreman, on direct examination, had stated that plaintiff's injury, resulting from falling from a telephone pole, was due to his own conduct in failing to provide himself with a safety strap, it was not error for the court to permit him to be asked, on cross-examination, whether or not, in a conversation after the accident, he had not stated in the presence of another that plaintiff was not to blame for the accident.

2. Same: Evidence: Rebuttal.

Where, in an action for injuries, defendant's superintendent had denied that he had stated after the accident that plaintiff was not to blame therefor, plaintiff was entitled to show in rebuttal, for the purpose of affecting such superintendent's credibility, that he in fact made such statement.

3. Same: Evidence: Opinion.

Where, in an action for injuries to a telephone lineman sustained by a fall from a pole, it was contended that he was guilty of contributory negligence in failing to provide himself with a safety strap, a question asked of defendant's superintendent as to whether he, as a practical experienced man, would say it would be a proper thing for a man, under the conditions plain-

Black v. Rocky Mountain Bell Telephone Co.

tiff was in, to attach himself to the pole or not, was properly excluded as calling for the witness' opinion on the merits of the case.

**4. Same: Instructions: Vice-Principal.**

Where, in an action for injuries, the uncontradicted evidence showed that B. was defendant's foreman, it was not error for the court to assume that he was a vice-principal, and not a fellow-servant, in its instructions to the jury.

**5. Same: Instructions: Negligence: Proof.**

In an action for injuries to a servant, an instruction that it was not necessary that negligence should be established by direct evidence, but that it might be proved by circumstances, if they were such as to establish by fair and just inference to unbiased minds the existence of negligence, was not error.

**6. Same: Instructions: Credibility of Witnesses: Harmless Error.**

An instruction that the jury were to determine the credibility of the witnesses, etc., that they were not bound to take the testimony of any witness as absolutely true, and should not do so if they were satisfied that the witness was mistaken in the matter testified to by him, or that for any other reason his testimony was untrue or unreliable, though ambiguous, was not reversible error.

**7. Same: Jury: Misconduct: Proof: Affidavit of Juror.**

Under Revised Statutes 1898, section 3292, subdivision 2, providing that, when any one or more of the jurors has been induced to assent to a verdict by resorting to the determination of chance, such misconduct may be proved by the affidavit of any one of the jurors, misconduct other than that specified can not be established on a motion for new trial by the juror's affidavit.[1]

## (Decided August 24, 1903.)

Appeal from the Fourth District Court, Utah County.— *Hon. Thomas Marioneaux*, Judge.

Action to recover damages for personal injuries alleged to have been caused by the negligence of the defendant. From a judgment in favor of the plaintiff, the defendant appealed.

---

[1] People v. Ritchie, 12 Utah 180-195, 42 Pac. 209.

AFFIRMED.

*J. W. N. Whitecotton, Esq.,* and *Messrs. Rawlins, Thurman, Hurd & Wedgwood* for appellant.

*Messrs. Powers, Straup & Lippman* and *W. N. Dusenberry, Esq.,* for respondent.

BASKIN, C. J.—The plaintiff seeks to recover for personal injuries which he alleges were caused by the negligence of the defendant. The defendant in its answer denied the alleged negligence, and pleaded the contributory negligence and assumed risk of the plaintiff, and that the said accident to and injuries suffered by the plaintiff, if any, were caused either by his own negligence or that of a fellow-servant. From the judgment rendered in favor of plaintiff, the defendant has appealed.

1. At the conclusion of the plaintiff's evidence in chief the defendant moved for a nonsuit on the grounds, in substance, that: "(1) It does not appear from the evidence that defendant was guilty of negligence which was the proximate cause of the injuries to plaintiff. (2) It does not appear that defendant failed in any duty owing to plaintiff. (3) It does appear that plaintiff was guilty of contributory negligence. (4) It does appear that the risk was open and obvious to plaintiff and was assumed by him. (5) It does appear that the accident was one of the risks incident to the employment. (6) If plaintiff was injured by reason of negligence other than his own, it was that of a fellow-servant." It does not appear as a matter of law, from the evidence in chief of the plaintiff, that either of the grounds of the motion is sustained; on the contrary, it appears from the evidence that it is amply sufficient to sustain a verdict for the plaintiff. The motion for a nonsuit was therefore properly denied.

2. While the plaintiff was on a telegraph pole, engaged in stretching a wire for the purpose of attaching it to the pole, it came in contact with a charged wire, and by the shock he was thrown to the ground and injured. Elbert E. Darling, the local manager of the defendant in charge of the work in which the plaintiff was engaged, testified on behalf of the defendant, in substance, that he told the plaintiff that he did not want him to touch that wire or work there until the power had been turned off of the electric wires running underneath; that each lineman performing services that required him to climb poles above ground was required to provide himself with a belt and safety strap before going to work; that the purpose of the safety strap was to prevent persons engaged at work upon the poles from falling to the ground, and when attached to a pole or a cross-arm it would accomplish that purpose; that he, the witness, did not think it was possible for the plaintiff to have fallen to the ground had he had the safety strap fastened around the pole or lower cross-arms. The evident purpose and tendency of this testimony was to show that the plaintiff himself was to blame for the accident. On cross-examination this witness, after having stated that he had talked with the plaintiff about the accident, and how it happened, was asked, ''Did you say, in the presence of Mrs. Jakeman and Mr. Black, that he was not to blame for the accident in any way?'' Defendant objected to this question as irrelevant, immaterial, and incompetent, and not cross-examination. The objection was overruled, and an exception taken. The witness continued: ''I don't remember of making such a statement. I did not say that, in substance or fact, that I remember of. I don't say that it did not take place, but I do not remember it.'' The objection was properly overruled.

3. On the re-examination of this witness by defendant, he further testified that ''the work that Black was directed to do by Bellamy on the 5th was merely

the stringing of these two wires. He was directed by me not to do any work on these two poles pertaining to the wires crossing the electric light wires until the current had been turned off. I do not think that Black is entitled to recover in this case, because he failed to perform his duty of securing himself against injury from falling by not making use of the appliance that he knew he was supposed to use. If he neglected to use it, he did so at his own peril, at his own chance. I think the plaintiff disobeyed what was intended to be a safeguard on the line by doing any work on the pole while the current was on. If he had made sure that the current was off before he went up that pole to do any work whatever, as the two wires in question run from this pole here to the pole which he went up, certainly there could not have been any possible way for him to have received this shock; and, if he had in any manner lost his hold and used the safety strap to prevent him from falling, he certainly would not have been hurt." The plaintiff, in rebuttal, called Mrs. Jakeman to the witness stand, and after she had testified that she was present shortly after the accident, when a conversation was had with Darling in the presence of the plaintiff, the following occurred: "You may state whether or not, in the course of that conversation, he stated that he did not blame Mr. Black, or that in substance? (Objected to as irrelevant, incompetent, and not rebuttal.) The Court: It is received only on the question of credibility as bearing upon Mr. Darling's statement that he told him not to work there until the electricity was turned off. The objection is overruled." The witness answered that Darling made such a statement. The plaintiff was also permitted, over a like objection by the defendant, to testify that Darling, in said conversation, stated in his and Mrs. Jakeman's presence that he did not blame the plaintiff for the accident. This statement of Darling, in view of his testimony, was admissible.

4. The defendant asked the witness Darling the following question: "Now, as a practical man, experienced for years in this work, as you say you have been, what would you say would be the proper thing for a man under these conditions to do—attach himself, or not?" Plaintiff objected to this question as calling for an opinion upon the merits, which it was the province of the jury to decide. The objection was sustained, and the defendant excepted.

One of the material issues being tried before the jury was whether the plaintiff was guilty of contributory negligence. Whether the fact that the plaintiff was not attached to the pole when he received the shock was or was not contributory negligence on his part, depended upon whether it was or was not proper for him at the time to be attached to the pole, and it was the exclusive province of the jury to decide the matter in the light of all of the conditions disclosed by the evidence. As the question objected to called for the opinion of the witness, based upon conditions (what these conditions were was not disclosed by the question) on a matter which it was the exclusive province of the jury to decide, the objection was properly sustained.

5. Mr. Bellamy was a foreman of the defendant, and in charge of and engaged in the work in which the plaintiff was engaged when injured. Mr. Allen, a fellow-servant of the plaintiff, was also engaged in the work. The court instructed the jury that "the burden is on the plaintiff to prove, by a preponderance of the evidence, that the witness Bellamy was negligent when engaged in stretching the wires in connection with the witness Allen, and that, in consequence of Bellamy's negligence or carelessness in adjusting the wires, they came into contact with the wires of the power company. If you find that the evidence bearing upon the point is evenly balanced, and does not preponderate in favor of the conclusion that Bellamy was negligent in that respect, your verdict should be in favor of the defendant —no cause of action. It isn't necessary that negligence

shall be established by direct evidence. It may be proved by circumstances, if they are such as to establish by fair and just inference to unbiased minds the existence of negligence.'' The grounds of the defendant's objection to this instruction are: (1) It assumes that Bellamy was vice-principal of defendant, and not a fellow-servant of plaintiff. The evidence introduced by plaintiff shows that Bellamy was the foreman of defendant, in charge of and engaged in the work in question. Although the matter was within the especial knowledge of the defendant, it introduced no evidence on the subject. As the matter was not controverted, the court under the authority of Jenkins v. Mammoth Min. Co., 24 Utah 513, 68 Pac. 845, did not err in assuming that Bellamy was vice-principal, and not a fellow-servant. (2) That it incorrectly stated the rule of proof of negligence by circumstantial evidence. We are of the opinion that this objection is untenable. (3) That there was not sufficient evidence in the case to authorize the court to submit to the jury the question of whether the negligence of defendant, conceding that Bellamy was not a fellow-servant of plaintiff, was proved by circumstantial or legal inference. This objection is disposed of under the first head of this opinion.

6. The following instruction was also given: ''You are further instructed that you are the sole judges of the facts in this case, and the credibility of the witnesses. You have a right to determine from the appearance of the witnesses on the stand, their manner of testifying, their apparent candor and frankness, or lack of it, their apparent intelligence, and from all the other surrounding circumstances appearing on the trial, which witnesses are the more worthy of credit, and give credit accordingly. You are not bound to take the testimony of any witness as absolutely true, and you should not do so if you are satisfied from all the facts and circumstances proved on the trial that such witness is mistaken in the matter testified to by him, or that for

any other reason his testimony is untrue or unreliable."
The appellant contends that the terms "or that for any
other reason his testimony is untrue or unreliable,"
as used in this instruction, were error. While we do
not think that those terms were as clear of ambiguity
as is desirable in instructions, yet when read in connec-
tion with the preceding language, and in view of the evi-
dence, we do not think they were such as could affect
the result, and were not, therefore, reversible error.

7. The defendant moved for a new trial, and the
denial of the motion is assigned as error. All of the
grounds of the motion, except the one in relation
to alleged misconduct of a juror in the case, are
covered by the exceptions already disposed of. The
latter objection is based upon the juror's affidavit alone.
In section 3292, Revised Statutes, 1898, subdivision 2,
it is provided that "Whenever any one or more of the
jurors have been induced to assent to any general or
special verdict, or to a finding on any questions sub-
mitted to them by the court, by a resort to the determina-
tion of chance, such misconduct may be proved by the
affidavit of any one of the jurors." In People v.
Ritchie, 12 Utah 180-195, 42 Pac. 209, this court held
that the Legislature by this provision, in effect, enacted
that no verdict could be impeached by affidavits of
jurors, except when chance had been resorted to in its
determination. The Supreme Court of California have
so held under the same provision. See cases cited in
the above case, and Saltzman v. Sunset Tel. etc., Co.,
125 Cal. 501, 58 Pac. 169; Siemsen v. Oakland, etc., Ry.
Co., 134 Cal. 494, 66 Pac. 672. In the latter case the case
of People v. Ritchie is referred to and approved. On the
authority of these cases the objection in question is not
tenable.

There are other untenable assignments of error of
minor importance, which it is unnecessary to specially
mention.

The judgment is affirmed, with costs.

BARTCH and McCARTY, JJ., concur.