Argued July 27, decided September 12, 1911.

## POINTER *v.* KLAMATH FALLS LAND CO.

[117 Pac. 605.]

EVIDENCE—OPINION—PROPER CONDUCT.

While skilled drivers may testify as to the proper and customary position of a driver on a loaded team of a certain description under stated circumstances, they may not give an opinion on the ultimate fact for the jury whether taking a certain position is negligence.

From Klamath: GEORGE NOLAND, Judge.

This is an action by H. E. Pointer against the Klamath Falls Land and Transportation Company, to recover for personal injuries. The facts brought out at the trial are set forth in the opinion. From a judgment in favor of plaintiff, the defendant appeals.        REVERSED.

For appellant there was a brief over the names of *Mr. Thomas Drake* and *Messrs. Benson & Stone,* with an oral argument by *Mr. J. J. Barrett.*

For respondent there was a brief over the names of *Mr. Richard Shore Smith* and *Mr. Horace M. Manning,* with an oral argument by *Mr. Smith.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

The defendant had constructed a street railway in Klamath Falls, and plaintiff, while driving a wagon heavily loaded with lumber along one of the streets, found it necessary to make a turn, and in doing so ran against a rail that projected above the surface of the street, and he was thrown from his wagon and seriously injured.

Plaintiff claims that the injury resulted from the careless and negligent manner in which the rails were left projecting above the surface of the street, whereas the ordinance granting the franchise required that the rails should be maintained flush with the pavement. Defendant pleaded, among other defenses, contributory negligence on plaintiff's part, and upon the trial laid particular stress upon the fact that plaintiff was standing on the load, instead of sitting, and called several witnesses, who claimed to be experienced drivers, to show that under the circumstances the usual, correct, and customary position while driving was to sit on the load. Plaintiff called several witnesses, and, over the objection of defendant, propounded substantially the following question:

"In handling four horses, would you consider it careless to stand on a load of lumber and drive them in, coming up an incline and making a turn?"

And also this question:

"Would you consider it careless, reckless, or negligent to stand upon a wagon loaded with lumber, upon which there is no seat, driving four horses up a street with an incline and making a turn?"

Both these questions were answered in the negative, and defendant appeals.

We are inclined to think that the testimony of skilled drivers, as to the proper and customary position of a driver, under the circumstances detailed, is admissible; but the question went further than that, and practically required the witness to give an opinion upon the ultimate fact to be decided by the jury, namely, the fact of plaintiff's negligence. This was a usurpation of the functions of the jury, and was reversible error.

"The issue of negligence can in most cases be determined by the judgment of a jury, and the inference, conclusion, or judgment of witnesses is rejected. This rule has been applied, for example, to the question whether a bridge, road, roadway, sidewalk, track, or other place,

machinery, mechanical appliance, rate of speed, situation, or other thing or collection or combination of things, is safe or dangerous. The rule has also been applied to the question whether certain conduct of a person was careful or careless. And it has also been applied to other questions as to conduct, as whether it was cautious, dangerous, 'in the line of duty,' necessary, negligent, proper, prudent, reasonable, professionally skillful, safe, usual, or unusual." 17 Cyc. 56 *et seq.*, and cases there cited.

While not following the rule to the extent indicated in the text of the excerpt above quoted, and not indorsing all that is held in the cases cited in the text, we think it reasonably well settled that, where either negligence, recklessness, or carelessness constitute the ultimate fact for the jury to decide, it is not competent for an expert witness to express an opinion upon that ultimate fact, but he can only go so far as to state the usual customary method of doing an act or state from his experience the dangers, if any, attendant upon doing it in a manner suggested by the question put to him.

Outside of this error, the case seems to have been properly tried, and we deem it unnecessary to discuss the remaining assignments. The judgment of the circuit court is reversed, and a new trial ordered. REVERSED.