Argued November 20, decided December 2, 1913.

## ANDERSON v. MEIER & FRANK CO.*

(136 Pac. 660.)

**Appeal and Error—Review—Harmless Error—Exclusion of Evidence.**

1. Any error in the exclusion of a photograph of a pile of boxes was harmless where the jury was afterward taken to the place and shown the boxes piled as shown in the photograph.

[As to the admissibility of photographs in evidence, see notes in 75 Am. St. Rep. 468; 114 Am. St. Rep. 437.]

**Master and Servant—Admissibility.**

2. Under Section 727, subdivision 12, L. O. L., providing that evidence may be given of usage to explain the true character of an act where it is not otherwise plain, but never except as a means of interpretation, in an action for injuries from the falling of a pile of boxes the testimony of witnesses of considerable experience in the storing of merchandise in boxes and bags as to the usual method of piling such merchandise was admissible.

**Appeal and Error—Presentation of Questions in Trial Court—Motion to Strike Testimony.**

3. That witnesses testifying as to the usual method of piling boxes allowed their opinions to creep into their testimony cannot be considered on appeal where no motion was made to strike out the opinions.

**Pleading—Issues—Admissions.**

4. An employer which pleads that it had piled boxes which fell and injured a servant is charged with notice of a defect in the piling, and evidence of such notice is unnecessary.

**Master and Servant—Injuries to Servant—Place to Work.**

5. In matters affecting the safety of the place for a servant to work, the master cannot escape liability by delegating the duty to another.

From Multnomah: JOHN P. KAVANAUGH, Judge.

Department 1.   Statement by MR. JUSTICE BURNETT.

The plaintiff, Sigvald Anderson, a janitor in the employ of the Meier & Frank Company, a corporation,

---

*On the general question as to what duties of a master as to places and appliances are delegable, see note in 54 L. R. A. 63; and as to the delegability of master's duty to instruct or warn servants as to machinery, tools or appliances, see note in 26 L. R. A. (N. S.) 629.

REPORTER.

conducting a department store in Portland, Oregon, brings this action to recover damages for injuries which he alleges he received from a pile of boxes containing merchandise having fallen upon him in the basement of the defendant's establishment where he was at work. The substance of his allegations on that subject is that the defendant had piled boxes and bags of groceries about eight feet high in a passageway through which he was compelled to go in the prosecution of his labor; and that owing to the extreme height to which it had been erected, and not being braced or secured in any way, the pile suddenly and without warning fell upon the plaintiff, causing the injuries mentioned.

The corporate character of the defendant and the employment and nature of the duties of the plaintiff are admitted by the answer. That pleading contains this affirmative allegation: "That in said store, in the basement thereof, the said defendant had piled up certain boxes of merchandise along certain passages where it was necessary for the said plaintiff and other persons in the basement of the said store to pass, and on said November 22, 1911, while the said plaintiff was passing along said passageway, certain merchandise owned by the defendant, and piled along beside said passageway, for some reason fell, striking the plaintiff, which is the accident mentioned in the complaint herein." It is said also by the defendant in substance that the merchandise stacked up in the passageway had been recently piled there by the plaintiff and his fellow-servants; that the manner of its storage was left to them as a detail of their work, but, according to the unchallenged statement of the trial judge in his charge to the jury, there was no evidence on this point, and the jury were cautioned to disregard that defense. An allegation that the plaintiff was an experienced workman and understood and appreciated all the risks

of the situation closes the answer, all the new matter of which is traversed by the reply. From a verdict and judgment in favor of the plaintiff, the defendant appeals.                                      AFFIRMED.

For appellant there was a brief over the names of *Messrs. Joseph & Haney* and *Messrs. Wilbur & Spencer,* with an oral argument by *Mr. A. L. Clark.*

For respondent there was a brief over the names of *Mr. E. J. Brazell* and *Messrs. Giltner & Sewall,* with an oral argument by *Mr. Brazell.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. Some months after the accident occurred, the defendant caused a photograph to be made of what witnesses said were not the same but similar boxes piled up practically as were those causing the injury and offered the picture in evidence at the trial. Over the exception of the defendant, the court excluded it on the ground that it was not shown to be an accurate reproduction of the situation at the time of the injury. Afterward, however, during the progress of the trial, as the bill of exception discloses, the jury were escorted to the store of the defendant and viewed the premises, where they saw the pile of boxes at the place of the accident piled up as shown in the photograph. In other words, with their own eyes they saw the original of the picture offered in evidence. This, in our opinion, rendered harmless whatever error there may have been in excluding the picture, for the actual view of the jury of the precise situation disclosed by the photograph was certainly better testimony and better calculated to enlighten the jurors than the picture itself.

2. The plaintiff called two witnesses who stated that they had had considerable experience in storing gro-

ceries contained in boxes and bags and inquired of
them what was the usual method and custom of piling
up such merchandise, going into detail as to the kind
of goods as described in the complaint. These wit-
nesses testified about the ordinary way to stack up
goods. The testimony sought to be elicited by these
questions was objected to by the defendant on the
ground that it is not a matter of expert testimony but
is in the common knowledge of any ordinary person.
It is the duty of a master to take ordinary care to pro-
vide a reasonably safe place in which his employees
may pursue their labors. It is presumed that a person
takes ordinary care of his own concerns. It would be
competent, therefore, to inquire what was the ordi-
nary custom in such cases as tending to enlighten the
jury on the subject of what would be the usual degree
of care to be exercised in such cases. It is said in
subdivision 12, Section 727, L. O. L., that evidence may
be given on the trial of "usage to explain the true char-
acter of an act, contract, or instrument, where such
true character is not otherwise plain; but usage is
never admissible except as a means of interpretation."
It is not to be presumed that all of an ordinary jury
were thoroughly conversant with the methods usually
pursued in the handling of goods of the kind in ques-
tion; and hence it would be permissible, as explanatory
of the acts involved, to show what was the ordinary
custom among men engaged in that business. Of
course we could not say as a matter of law that the act
of a defendant, either conforming to or disregarding
the custom elicited by the testimony, would be negli-
gent or careful, but such testimony goes to the jury
as clarifying the situation so that they may be more
able to determine whether or not ordinary care was
used in the particular instance.

3. It is true that the witnesses in answer to these
questions allowed their opinions to creep somewhat

into their testimony, but no motion was made to strike out these opinions, and hence we cannot regard the assignment of error on this point: *Rush* v. *Oregon Power Co.,* 51 Or. 519 (95 Pac. 193); *Pointer* v. *Klamath Falls Land Co.,* 59 Or. 438 (117 Pac. 605, Ann. Cas. 1913C, 1076); *Richardson* v. *Klamath S. S. Co.,* 62 Or. 490 (126 Pac. 24).

4. Four instructions were tendered to the court to be given to the jury on behalf of the defendant, all turning upon the contention of the defendant that it is not enough to show that the piling of the boxes was defective, but that the plaintiff must go further and show that the defendant had notice of the defect, or by the exercise of ordinary care should have known of the same. From the excerpt already quoted from the answer, it appears that the defendant had piled up the boxes which fell upon the plaintiff. It thus avows a situation necessarily involving knowledge thereof. As affecting the safety of a place in which the plaintiff was required to work, if the defendant, as it says, had piled up the boxes, it must be held to have known of the defect in the structure, although it may have delegated the erection of the same to some other servant.

5. However, it is a well-settled rule that, in matters affecting the safety of the place in which to work, the master cannot escape liability by delegating that duty to another. The analysis of this pleading leads us to the conclusion that knowledge of the original defective condition of the pile of boxes is necessarily imputed to the defendant by its own statement, so that it was not requisite to make proof of it by the testimony of any witness. The bill of exceptions discloses that there was no testimony tending to show that the plaintiff had piled up the boxes or disclosing who actually performed that service; but the allegation of the an-

swer itself fixes the responsibility and knowledge thereof irrevocably upon the defendant.

The judgment of the Circuit Court is affirmed.

AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE RAMSEY concur.