## MOSS v. TAYLOR.

No. 4646.   Decided October 6, 1928.   (273 P. 515.)
Rehearing Denied January 7, 1929.

*Pratt & Pratt,* of Ogden, for appellant.

*Clark, Richards & Bowen,* of Salt Lake City, for respondent.

HANSEN, J.

The plaintiff secured a judgment against the defendant in the district court of Weber county upon two causes of action alleged in one complaint. One of the causes of action was for personal injuries to the plaintiff; the other for damages to the automobile in which the plaintiff was riding when a collision occurred between that automobile and an automobile driven by the defendant. The claim for damages to the automobile in which the plaintiff was riding was assigned to her before this action was begun. The defendant, H. L. Taylor, prosecutes this appeal from the judgment entered.

Plaintiff's complaint alleges negligence on the part of defendant in the operation of his automobile in three particulars: (1) That defendant was operating his automobile at an excessive rate of speed; (2) that defendant failed to keep a lookout ahead; (3) that defendant failed to give the right of way to the automobile in which plaintiff was riding when it approached the intersection of two streets from defendant's right.

Defendant assigns and relies upon numerous alleged errors for a reversal of the judgment.

It is earnestly urged that the evidence is insufficient to support the verdict. The evidence shows that on April 19, 1925, the plaintiff was riding in an automobile driven by her son-in-law, Ezra Waddoups. Just before the collision Waddoups was driving his automobile westward on Twenty-Eighth street, in Ogden City, Utah. The defendant was driving his automobile northward on Jefferson avenue in Ogden City, Utah. The two cars collided at a point near the middle of Jefferson avenue and about 10 feet north of the north side line of Twenty-Eighth street. After the collision the Waddoups car moved northwestward and came to rest on the parked portion of the sidewalk on the west side of Jefferson avenue at a point about 60 feet north of the north side line of Twenty-Eighth street. The Taylor car was turned around by the force of the impact, and came to rest facing south on the west side of Jefferson avenue at a point about 20 feet north of the north side of Twenty-Eighth street. Both cars were considerably damaged by the impact. The plaintiff was riding in the rear seat of the Waddoups car at the time of the accident, and suffered a broken clavicle, or collar bone, and a nervous shock.

Ezra Waddoups testified as a witness for the plaintiff. His version of what occurred at the time of the accident is, substantially, as follows: That there is a hill immediately to the east of the intersection of Twenty-Eighth street and Jefferson avenue; that as he began to descend this hill he was driving his car at a speed of about 20 miles an hour; that as he approached the intersection of Twenty-Eighth street and Jefferson avenue he reduced his speed to 12 or 15 miles an hour; that it had been raining and the pavement was slippery; that as he was going down the hill and approaching the street intersection he observed the defendant's car coming northward on Jefferson avenue towards the street intersection at a rate of about 30 or 35 miles an hour; that the defendant was driving his car a little to the left of the middle of Jefferson avenue, and as

he approached the street intersection he increased his speed; that he (Waddoups) intended to continue westward on Twenty-Eighth street, but when he saw Taylor did not slacken his speed he began to turn his car towards the north to avoid a collision; that while he was in the act of turning his automobile towards the north the Taylor automobile struck his car on the left side just behind the driver's seat. Waddoups further testified that immediately after the collision he had a conversation with the defendant; that in that conversation Taylor stated that he did not see the Waddoups car until he crashed into it; that he, Taylor, was driving about 40 miles an hour in order to make the hill in front of him on high; that it was a good thing that Waddoups turned his car, or he (Taylor) would have hit the Waddoups car in the middle and maybe they all would have been killed; that the collision was all his (Taylor's) fault.

The testimony of William Moss, husband of the plaintiff, who was riding in the front seat with Waddoups at the time of the accident, tends to support Waddoups' version of the cause of the collision. Moss also testified that the defendant said to him soon after the accident: "I never seen you until I got right on you."

Wayne Higham and Doris Higham testified that they saw the accident. Their testimony, particularly that of Wayne Higham, tends to corroborate the testimony of Waddoups as to the rate of speed at which the cars were being driven just before the impact and also as to how and where the collision occurred.

D. F. Hawkins, a motorcycle officer of Ogden City, testified that he was at the scene of the accident soon after it occurred; that he made a written report of the accident. The report was received in evidence without objection. The report shows the nature of the injury done to each car. Under the heading, "How Done," appears the following: "Mr. Taylor says that there was rain on his windshield and he did not see the car coming down the hill."

No claim is made that the amount of damages awarded is excessive. It may be observed that the testimony of the defendant and his son, who was riding with him at the time of the accident, is in many respects in conflict with the testimony of the witnesses for the plaintiff. This being an action at law, it is not within our province to pass upon the weight to be given conflicting testimony. Without reviewing the evidence at any greater length, suffice it to say that the evidence is clearly sufficient to support the verdict.

The defendant also assigns error because of the admission of evidence over his objections. Two of plaintiff's witnesses were asked which car was nearer the intersection of Twenty-Eighth street and Jefferson avenue when they first saw the two cars. Timely objections were made that these questions called for conclusions of the witnesses. The objections were overruled and exceptions taken. It is urged that such rulings are erroneous. It is well settled that a witness may give his estimate of distances. 3 *Jones, Comm. Ev.* (2d Ed.) §§ 1257, 1258, pp. 2314, 2315. Obviously a witness who saw the two cars as they approached the street intersection might properly give in evidence his estimate of the distance that each car was from the intersection at a given time. If the witnesses had given their estimate of the distance that each car was from the intersection at the time inquired about such estimate would in effect have answered the questions objected to. And, conversely, the answer to the question as to which car was nearer to the street intersection at the time inquired about calls for the witness' estimate of the distance that each car was from the intersection. The competency, relevancy, and materiality of a question must be determined by the nature of the information sought to be elicited rather than by the form of the question. The objections to the questions as to which car was nearer the street intersection at the time inquired about were properly overruled.

During the redirect examination of William Moss, the following questions were asked and the following answers given by Mr. Moss.

"Q. Mr. Moss, in your judgment, at the time Mr. Waddoups turned his car to the north, was it safer to make that turn or try to go straight across west? A. The only thing to do. Q. What was the only thing to do? A. To turn to the right. Q. And why do you say that?"

These questions were objected to by counsel for the defendant upon the grounds that they were incompetent, called for conclusions, and were the very questions the jury must be required to pass upon in view of all the circumstances. The objections were overruled except as to the last question, and as to that question the objection was sustained. The ruling of the court in such respect is assigned as error. We are clearly of the opinion that the objections should have been sustained. 3 *Jones, Comm. Ev.* (2d Ed.) § 1244, p. 2288 et seq.; *Pointer* v. *Klamath Falls Land Co.*, 59 Or. 438, 117 P. 605, Ann. Cas. 1913C, 1076. In a note to Ann. Cas. 1913C, at page 1084, under the heading, "Careful Conduct," will be found numerous cases dealing with the incompetency of witnesses to express opinions, conclusions, or judgments as to the careful conduct of a person where such question is at issue and is the ultimate fact to be determined by the jury. This court has had occasion to consider a somewhat similar question in the following cases: *Saunders* v. *Southern Pac. Co.*, 15 Utah 334, 49 P. 646; *Smith* v. *Ogden & N. W. R. Co.*, 36 Utah 129, 93 P. 185; *Black* v. *Rocky Mountain Bell Tel. Co.*, 26 Utah 451, 73 P. 514. Before the witness Moss was asked the objectionable questions he had been examined in chief and cross-examined about the speed, location, and movement of both the Taylor car and the Waddoups car, and had testified in detail as to how the collision occurred. His opinion or conclusion cannot well be said to add any weight to his testimony. In such case it is usually held that the error in

permitting a witness to express a conclusion or judgment is harmless because the jury could determine the true probative value of the statement. 17 Cyc. 60, and cases cited in a footnote. Such has been the rule laid down by this court. *Davis* v. *O. S. L. R. Co.*, 31 Utah 307, 88 P. 4; *Johnson* v. *U. P. R. R. Co.*, 35 Utah 285, 100 P. 390. The error in permitting the witness Moss to give his opinion as to whether it was safer to make the turn north or to continue westward, for the reasons indicated, cannot be said to be prejudicial.

During the examination of Wayne Higham plaintiff's counsel asked him this question: "Which car ran into the other?" Counsel for defendant objected to the question upon the ground that it was calling for a conclusion of the witness. The objection was overruled and exception taken. The witness answered: "The Oldsmobile." The evidence shows that the defendant was driving an Oldsmobile at the time of the collision. The ruling of the court in permitting the witness to answer the question is assigned as error. The evidence in this action is all to the effect that both cars were moving at the time they collided. Defendant's car was being driven north, and the Waddoups car was being turned from a westerly to a northerly direction. Conceding that it was error to permit the question complained of to be answered, the error was harmless.

This action was begun in the district court of Weber county by filing a complaint on August 5, 1925. Theretofore, on July 25, 1925, Ezra Waddoups assigned his claim for damages to his automobile caused by the collision to the plaintiff. On January 13, 1926, the district court of Weber county, upon its own motion, dismissed this action for want of prosecution. On July 14, 1926, the defendant, H. L. Taylor, began an action in the city court of Ogden City, Utah, against Ezra Waddoups, on account of the injury done in the collision to the Taylor car. On the same day that the action was begun in the city court, counsel for plaintiff and counsel for defendant

entered into a written stipulation in this proceeding. The stipulation reads:

"It is stipulated between the plaintiff and defendant through their respective counsel that the above entitled cause may be reinstated and restored to the calendar for trial on the pleadings on file in said cause."

The case of Taylor v. Waddoups was tried in the city court, resulting in a judgment in favor of Taylor and against Waddoups. Before this action was called for trial Waddoups appealed from the judgment rendered against him in the city court. The case of Taylor v. Waddoups was pending on appeal in the district court of Weber county, Utah, when this action was tried. When this action was called for trial, by leave of court the defendant, Taylor was permitted to file a supplemental answer wherein the judgment secured by Taylor against Waddoups in the city court was pleaded as a bar to plaintiff's cause of action assigned to her by Waddoups. At the trial of this action defendant offered in evidence the files in the action of H. L. Taylor v. Ezra Waddoups. Plaintiff objected to the offer. The objection was sustained. Such ruling is assigned as error. Ezra Waddoups testified on direct examination concerning the execution of the written assignment of his claim for damages to his automobile to the plaintiff in this action. On cross-examination counsel for defendant asked Waddoups these questions: "You made the assignment, did you not, for the purpose of one suit?" "Did she pay you anything for it?" To each of these questions plaintiff's counsel objected on the ground that the questions were irrelevant, incompetent, and immaterial. The objections were sustained, and defendant excepted. It is urged that the court erred in these rulings. It is not contended that Waddoups should have been required to answer these questions on cross-examination because of any claim that the information sought to be elicited might affect his credibility as a witness by showing his interest in this action. No complaint having been

urged that the defense was precluded from cross-examining Waddoups for the purpose of affecting his credibility, we shall refrain from discussing or expressing an opinion as to the admissibility of the evidence sought to be elicited for such purpose. It is urged on behalf of defendant that if Waddoups assigned his claim for the mere purpose of prosecuting such claim against Taylor, then the judgment secured in the city court in the case of Taylor v. Waddoups is a complete bar to such claim. In support of such contention the following provisions of Comp. Laws Utah 1917 are cited and relied on:

6575. "The answer of the defendant must contain: 1. A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief, or a specific admission or denial of some of the allegations of the complaint, and also a general denial of all the allegations of the complaint not specifically admitted or denied in the answer; 2. A statement of any new matter constituting a defense or counterclaim."

6576. "The counterclaim mentioned in the next preceding section must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action: 1. A cause of action arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action; 2. In an action, arising upon contract, any other cause of action arising also upon contract, and existing at the commencement of the action."

6577. "If the defendant omit to set up a counterclaim in the cases mentioned in the first subdivision of the next preceding section, neither he nor his assignee can afterward maintain action against the plaintiff therefor."

6578. "When cross-demands have existed between persons under such circumstances that, if one had brought an action against the other, a counterclaim could have been set up, and the two demands shall be deemed compensated so far as they equal each other, and neither can be deprived of the benefit thereof by the assignment or death of the other."

We do not find anything in the provisions of Comp. Laws Utah 1917, §§ 6575, 6576, 6577, and 6578, that justifies the

conclusions reached by counsel for defendant. In construing the provisions of a particular statute regard must be had for other statutory provisions and for well-established rules of law. The following principles of law are well established and have been recognized by this court: (1) A cause of action for injury to property is assignable. 5 *C. J.* 889, § 55, and cases there cited; *Wines* v. *Rio Grande W. Ry. Co.*, 9 Utah 229, 33 P. 1042; *National Union Fire Ins. Co.* v. *D. & R. G. R. Co.*, 44 Utah 26, 137 P. 653. (2) The assignee of a cause of action is a real party in interest and may prosecute an assigned cause of action in his own name under the provisions of Comp. Laws Utah 1917, § 6495, although the assignment was made without consideration or was made solely for the purpose of bringing an action. *Rutan* v. *Huck*, 30 Utah 217, 83 P. 833; *Wines* v. *Rio Grande W. Ry. Co.*, supra. (3) When an appeal is taken to the district court from a judgment rendered in the city court such judgment ceases to be in any sense a final judgment. Unless the appeal is dismissed a trial de novo must be had in the district court. The pleadings in the district court may be amended in all respects in the same manner and upon the same terms as are provided for amendments of pleadings in cases originally commenced in the district court. *Laws Uath* 1919, § 1717, p. 62; *Comp. Laws Utah* 1917, § 7517; *Griffin* v. *Howell*, 38 Utah 357, 113 P. 328; *Vance* v. *Heath*, 42 Utah 148, 129 P. 365; *Schramm-Johnson Drugs* v. *Kleeb*, 51 Utah 159, 169 P. 161.

If the provisions of the statute above quoted are to be construed as contended for by defendant's counsel, it would result in this anomalous situation: After a cause of action is assigned and suit begun thereon by the assignee the defendant in such action may defeat the assignee's action by himself merely bringing an action against the assignor upon a claim arising out of the transaction set forth in the complaint of the assignee.

It is further contended on behalf of the defendant that the claim of Waddoups is forever barred because it was not

set up as a counterclaim in the action in the city court of Taylor v. Waddoups. It will be observed that the only counterclaim that may be pleaded as a defense to plaintiff's complaint or be forever barred under the provisions of Comp. Laws Utah 1917, §§ 6576 and 6577, is one existing in favor of the defendant and arising out of the transaction or connecting with the transaction set forth in the complaint as the foundation of plaintiff's claim. Clearly, after Waddoups assigned his claim to the plaintiff in this action there ceased to be a claim existing in his favor against Taylor for the injury to the Waddoups car. After the assignment Waddoups could not sue or counterclaim upon the assigned claim unless the same was reassigned to him. Reason and the clear import of the language used in Comp. Laws Utah 1917, § 6576, admit of no other construction than that the counterclaims mentioned therein are such counterclaims as exist in favor of a defendant and against a plaintiff at the time the plaintiff brings the action.

Nor can it be said that the mere fact that Taylor secured a judgment against Waddoups in the city court necessarily constituted a bar to the action of the plaintiff on the assigned claim. If the judgment relied upon by Taylor had been a final judgment it doubtless could have been pleaded as a counterclaim against any judgment that Mrs. Moss could recover on the assigned claim as provided by Comp. Laws Utah 1917, § 6578. But the judgment Taylor secured against Waddoups in the city court was in no sense a final judgment after the appeal was taken to the district court. Indeed, the legal effect of the proceedings had in the case of Taylor v. Waddoups at the time this action was tried was merely that Taylor had an action pending against Waddoups growing out of the same collision as the claim here being prosecuted by the plaintiff. It is suggested that if plaintiff is permitted to prosecute her assigned claim against Taylor in this action, and Taylor is permitted in an independent action to prosecute his claim against Waddoups, confusion

will result. Thus plaintiff has recovered a judgment against Taylor upon a finding of the jury that the injury to the Waddoups automobile was caused solely by Taylor's negligence. Taylor has likewise recovered a judgment in the city court against Waddoups upon the ground that the negligence of Waddoups at the time of the collision was the sole cause of the injury to the Taylor automobile. It may readily be conceded that the two findings are inconsistent, but such inconsistency is not one of law. Taylor's right to prosecute his action against Waddoups was recently decided by this court in the case of *Taylor v. Barker* (Utah) 262 P. 266, 55 A. L. R. 1032. The case does not yet appear in the Utah reports. It is there held that Taylor is not precluded from prosecuting his action against Waddoups for the injury to the Taylor automobile because of the fact that the plaintiff secured a judgment on her assigned claim in this action. The principles of law discussed in that opinion support the view that the plaintiff in this action may prosecute her assigned claim against Taylor without regard to what result may finally be reached in the case of Taylor v. Waddoups.

There was nothing to prevent Taylor from pleading and proving in this action any cross-demand that he had against Waddoups arising out of or connected with the collision here involved for the purpose of defeating in whole or in part the assigned claim of the plaintiff in this action as provided by Comp. Laws Utah 1917, § 6578. The files in the case of Taylor v. Waddoups did not legally establish, or tend to establish, the fact that Taylor has any valid claim against Waddoups arising out of or connected with the collision here involved. We are therefore of the opinion, and so hold, that the proceedings had in the case of Taylor v. Waddoups at the time the instant case was tried did not constitute a bar to plaintiff's assigned claim from Waddoups and that the trial court properly excluded from the evidence in this action the files in the case of Taylor v. Waddoups.

Complaint is also made by the defendant that the instructions given to the jury in this case unduly emphasized the duty of the defendant in connection with the operation of his automobile just before the collision. When it is kept in mind that the plaintiff alleged in her complaint and the evidence tended to support negligence of the defendant in three particulars, the instructions given are not open to the objection urged. Of necessity the jury were instructed concerning the duty of the defendant in connection with each of the manners in which it was claimed that he was negligent. The instructions are not objectionable on the ground of repetition.

Other errors are assigned, but not argued.

We find no reversible error in the record. Judgment is affirmed. Respondent is awarded her costs.

THURMAN, C. J., and STRAUP and CHERRY, JJ., concur.

GIDEON, J., did not participate herein.

On Application for Rehearing.

PER CURIAM.

Appellant, Taylor, has filed a petition for rehearing. In the petition our attention is called to the fact that in the original opinion we did not discuss the defendant's following requested instruction:

"If you believe from the evidence that the defendant H. L. Taylor's automobile first entered upon the intersection of Jefferson avenue with Twenty-Eighth street and had gone so far over the intersection that the driver of the car in which the plaintiff was riding could not safely proceed on his course westward on Twenty-Eighth street without danger of colliding with defendant's automobile, then it was the duty of the driver of the automobile in which plaintiff was riding to yield to the defendant the right-of-way and to exercise reasonable effort to control his automobile and prevent collision and for the failure so to do, resulting in the collision and consequent injury to the plaintiff, there can be no recovery by her against the defendant."

It is earnestly urged on defendant's behalf that the trial court committed prejudicial error in refusing to give the foregoing request.

We are of opinion that the request was properly refused. The plaintiff, at the time of the collision, was an invitee of Waddoups, the driver of the automobile in which she was riding. The negligence of Waddoups, if any, cannot be imputed to the plaintiff as to her cause of action based upon the injury which she herself sustained as a result of the collision. The effect of the requested instruction is that if Waddoups failed to use reasonable care in his efforts to control his automobile the plaintiff cannot recover. Under the facts in this case the plaintiff is not necessarily precluded from a recovery. for her personal injuries from the defendant because Waddoups may not have used due care. If her personal injury was proximately caused by the joint negligence of Taylor and Waddoups, she may recover from both or either.

There are other questions reargued in the petition for rehearing. We have again examined the record, and we are of opinion that the petition for rehearing should be denied. Such is the order.

GIDEON, J., not participating.