AUTEN v. LIVINGSTON.

No. 33151. June 7, 1949.

*207 P. 2d 256.*

Joseph A. Moran, A. A. Davidson, and O. C. Essman, all of Tulsa, for plaintiff in error.

Robt. W. Gibbs, of Tulsa, for defendant in error.

O'NEAL, J. This action was brought by Winnie B. Auten, plaintiff, to recover damages for personal injury sustained when she lost an eye in operating a vulcanizing machine.

The cause was tried to a jury and a verdict returned for the defendant. This appeal is from the verdict and judgment rendered thereon.

The evidence discloses, without substantial conflict, that the plaintiff was the wife of the owner of a station for the repair of tires and tubes in the city of Tulsa, Oklahoma. She was an employee of her husband and while employed in vulcanizing a tube, a bolt from the arm of the portion of the machine which fastened down over the tube during the process of vulcanizing came loose and struck her in the eye, causing an injury and ultimate loss of the eye. She was operating a vulcanizing machine purchased from the defendant, the manufacturer thereof, on the 29th day of November, 1943. The injury occurred July 18, 1944. The machine was new when purchased.

It was the theory of the plaintiff that the bolt in the arm of the vulcanizing machine became loosened by reason of a failure to have an extra tap inserted in the slot where the bolt fitted for the purpose of holding the bolt in place. This was the principal, if not the entire, issue raised by the plaintiff.

It is presented under the rule announced that a manufacturer is liable to a third party for injuries occasioned by a faulty machine, or an instrument inherently dangerous in operation. See annotation following Kentucky Independent Oil Co. v. Schnitzler, 208 Ky. 507, 271 S.W. 570, 39 A.L.R. 979, and Heckel v. Ford Motor Co., 101 N.J.L. 385, 128 Atl. 242, 39 A.L.R. 989. The answer denied any liability and asserted that the injury and resulting damage was caused by a failure to tighten the bolt in the machine, and keep it tight, and that the injury was caused, not by the fault of the machine, but by an improper operation of the machine by the plaintiff. The manufacturer testified that the bolt properly tightened would resist a pressure in excess of 1,800 pounds and the pressure exerted by the operation averaged 250 pounds.

The issue presented on appeal arises, except in one instance, upon the objection to the instructions given and the failure to give requested instructions. It is argued that instruction No. 4 erred in a failure to define defective construction. With this contention we cannot agree. Plaintiff cites and relies upon Crane Company et al. v. Sears, 168 Okla. 603, 35 P. 2d 916; Heckel v. Ford Motor Co., supra; American Avell Engine & Thresher Co. v. McMillan, 62 Canada Supreme Court; Ross v. Dunstall and Ross v. Emery, 63 D.L.R. 63, and contained in the list of cases annotated in 39 A.L.R. 997.

These cases have all been noticed. There was no bursting of any material faulty in construction as in Crane Company v. Sears and Heckle v. Ford Motor Co., supra. An analysis of the opinion in Crane Company v. Sears, supra, leads to the conclusion that it is direct authority for the rule that the vulcanizing machine in the case at bar was not inherently dangerous and was not defective. This likewise disposes of the second argument that the court erred in refusing to give a definition of a defective construction and an instruction with relation thereto.

Plaintiff cites Coakley v. Prentiss-Wabers Stove Co., 182 Wis. 94, 195 N.W. 388, wherein a gasoline tank was placed too close to the flame burner and the court declared this to be a faulty construction as supporting the rule that there does not necessarily have to be a defective part in a machine or instrument to render it defective as a matter of law. Other similar cases have been noted. In Ross v. Dunstall, supra, a rifle would fire when the bolt was open. This was known only to the person who designed the rifle and unknown even to the manufacturer. The rifle was declared to be a dangerous instrumentality. We are of the opinion that the other cases are likewise distinguishable from the case at bar.

In a third argument it is stated that instruction No. 5 was error in that it failed to state the duty owed plaintiff. Combined with this allegation of error is a statement that requested instruction No. 4 properly defined "dangerous appliance," and should have been given. In this connection it is stated that instruction No. 5 does not take into consideration "wear and tear." Plaintiff cites no case holding that it is necessary to fortify such an instruction with any such language. Requested instruction No. 4 is almost a direct quotation from Olds Motor Works v. Shaffer, 145 Ky. 616, 140 S.W. 1047, where plaintiff was injured due to the faulty construction of a rumble seat of an automobile, a case in which there was an obvious and recognized dangerous part of the automobile and where the statement is made that the conclusive evidence showed that the injury occurred because a rumble seat was so defective as to be absolutely unsafe for anyone riding therein. In the case at bar, the evidence reasonably shows that if the bolt had been fitted right, and kept tight, the injury would not have occurred. We think the instructions of the court reasonably submitted to the jury the issues involved in the dispute as to whose fault this was. The requested instruction No. 4, under the circumstances, would have tended only to confuse the jury. We find no error in the instructions given.

It is next argued that the court erred in giving instruction No. 6 in which the jury was told that the defendant would be liable for injuries received by the plaintiff as a result of defect in the design of vulcanizing devices if they found that it was designed and manufactured by the defendant in an imminently dangerous manner. But that they must find that the design was the proximate cause of the injury. There is nothing new in this proposition that has not been covered by the last argument above referred to. There was no justification for giving an instruction more specific than No. 5 as to the defective instrument. The argument that it was necessary to fortify instruction No. 6 with a statement that the design might be defective without

being faulty was not justified. There was no evidence in the record justifying the giving of an instruction that the vulcanizing machine constituted an inherently dangerous instrumentality.

Finally, it is argued that the court erred in allowing expert witness, C. M. Jones, to testify that the only way plaintiff could have been injured was by her own negligence. The question submitted was, in substance, for the witness to state from all of the evidence that he had heard whether the injury was due to the fault of the machine or some other reason. The answer of the witness was not responsive to this question, but was, in substance, as above stated, and to the effect that the plaintiff was injured solely by reason of her own negligence.

It does not appear that this court has had the occasion to consider alleged error in any such proposition. At least no case from this jurisdiction has been brought to our attention by research or by either party. It is quite generally held that the admission of evidence of this nature is error. 20 Am. Jur. p. 664, Evidence, sec. 790; Craig v. Nobelsville & S.C. Gravel Road Co., 98 Ind. 109; Ingwersen v. Carr & Brannon, 180 Iowa, 988, 164 N.W. 217; Luning v. State of Wisconsin, vol. 1, Chand. 178, vol. 2, Pinney 215, 52 Am. Dec. 153, and Pointer v. Kalmath Falls Land & Transportation Co., 59 Ore. 438, 117 P. 605. Some of these cases have held under the circumstances the admission to be reversible error. Pointer v. Klamath Falls Land & Transportation Co., supra.

In 11 R.C.L. 616, Evidence, sec. 38, it is stated:

" . . . Similar testimony from one competent as an expert in the particular field is equally proper on an issue of negligence in the performance of mechanical or industrial work. Thus, it has been held that an expert may give an opinion as to the distance at which it is safe to stop before going upon a railroad grade crossing, or as to whether a boy of certain size could have done certain work except in a particular way. But opinions as to negligence are often excluded under the rule excluding opinions in a field of common knowledge, where the facts can be adequately portrayed to the jury; and the rule excluding opinions as to the precise facts in issue may prohibit opinions on the direct question of negligence and confine them to what was the correct mode of doing the thing in question and what results would probably have followed from one method or the other. When the transaction under investigation is not the single act of an individual but the course of business adopted by an employer or business management, there is the same general admissibility of expert opinion that the course adopted was wrong, or (what practically amounts to the same thing) as to what would have been the proper course, and the same occasional inadmissibility because of some secondary rule of exclusion."

In Moss v. Taylor, 73 Utah, 277, 273 P. 515, it is stated:

"In a note to Ann. Cas. 1913C, at page 1084, under the heading, 'Careful Conduct,' will be found numerous cases dealing with the incompetency of witnesses to express opinions, conclusions, or judgments as to the careful conduct of a person where such question is at issue and is the ultimate fact to be determined by the jury. This court has had occasion to consider a somewhat similar question in the following cases: Saunders v. Southern Pac. Co., 15 Utah, 334, 49 P. 646; Smith v. Ogden & N.W.R. Co., 36 Utah, 129, 93 P. 185; Black v. Rocky Mountain Bell Tel. Co., 26 Utah, 451, 73 P. 514. Before the witness Moss was asked the objectionable questions he had been examined in chief and cross-examined about the speed, location, and movement of both the Taylor car and the Waddoups car, and had testified in detail as to how the collision occurred. His opinion or conclusion cannot well be said to add any weight to his testimony. In such case it is usually held that the error in permitting a witness to express a conclusion or judgment is harmless because the jury could determine the true probative value of the statement. 17 Cyc. 60, and cases cited in a footnote. Such has been the rule laid down by

this court. Davis v. O.S.L.R. Co., 31 Utah, 307, 88 P. 4; Johnson v. U.P.R.R. Co., 35 Utah, 285, 100 P. 390. The error in permitting the witness Moss to give his opinion as to whether it was safer to make the turn north or to continue westward, for the reasons indicated, cannot be said to be prejudicial."

We believe the rule is applicable here. The witness had gone at length into the description of the machine and the proper operation thereof. We believe under the circumstances that no reversible error was committed.

Finding no error in the trial of the cause which would require reversal, the judgment is affirmed.

DAVISON, C.J., and WELCH, CORN, and JOHNSON, JJ., concur. ARNOLD, V.C.J., and GIBSON and LUTTRELL, JJ., dissent.