**Alfred E. DEATHERAGE, Plaintiff in Error,**

**v.**

**Donna Ann PHIPPS, a minor, by and through her mother and next friend, Marjorie Leona Martin, Defendant in Error.**

**No. 40988.**

Supreme Court of Oklahoma.

Oct. 17, 1967.

As Corrected and Rehearing Denied
Dec. 19, 1967.

Jake Hunt, Oklahoma City, for plaintiff in error.

William H. Henderson, Oklahoma City, for defendant in error.

PER CURIAM.

This action was instituted by Donna Ann Phipps, a minor by and through her mother and next friend, Marjorie Leona Martin, to recover damages for the wrongful death of her father, Donald K. Phipps, deceased, against the defendant, Alfred E. Deatherage. The parties will be referred to by their trial court designation. The jury returned a verdict for plaintiff and defendant appealed from the order overruling his motion for a new trial.

The action was predicated on injuries resulting in the death of Donald K. Phipps as a result of an accident that occurred in Murray County on U. S. Highway No. 77, which involved a vehicle driven by the deceased, Donald K. Phipps, and a vehicle driven by the defendant, Alfred E. Deatherage.

Defendant contends the trial court erred in admitting evidence elicited by plaintiff over his objections which is in the nature of a conclusion and not a finding of a physical fact by testimony from the highway patrolman who investigated the accident.

There were no eye witnesses to this accident. Phipps was killed as a result of injuries received in the collision and the defendant, Deatherage, suffered head injuries resulting in amnesia and he had no recollection of the accident.

The highway patrolman was the only witness who testified in regard to the accident. He arrived at the scene of the accident about ten minutes after being notified. He testified that both vehicles were badly wrecked but by examining the skidmarks and other physical evidence he could determine the point of impact; that his investigation revealed that defendant's car was proceeding along U. S. Highway No. 77 in a southerly direction and the Phipps car was proceeding in a northerly direction; that the point of impact revealed that defendant's car was nine feet across the center line at the time the two vehicles collided and had laid down no skidmarks; that the Phipps car laid down 46 feet of skidmarks; and that the left front tire of defendant's vehicle was flat, apparently as a result of a blowout. The patrolman expressed no opinion as to whether the blowout occurred prior to the collision or as a result of the collision, and was asked no questions on this point. Pictures depicting the cars and the highway were introduced in evidence.

On re-direct examination of the highway patrolman by plaintiff's attorney the following questions were asked and answered over the objection of defendant's attorney.

"* * *

"Q. Mr. Hunt has gone to some length about the report that you submitted. Would you also check that report with me, please? You had the vehicle drawing designated No. 1 and No. 2, exactly as they were or are on the board?

"A. Yes sir.

"Q. Did you have either vehicle marked as exceeding a safe speed? * *."

Defendant's counsel objected to the question, his objection was overruled, exception taken and the patrolman was permitted to answer the question.

"Q. Go ahead with whether or not you had either vehicle marked as exceeding a safe speed.

"A. Vehicle No. 1 was exceeding a safe speed.

" * * *."

Counsel for defendant then moved the answer be stricken from the record which motion was overruled and defendant's motion for a mistrial was also overruled.

The patrolman had drawn a map on the blackboard in which he had identified the drivers of the No. 1 car and the No. 2 car and there is no question but that the jury was informed by the patrolman that he found the driver of defendant's car driving at an unsafe speed. Defendant contends that the testimony of the highway patrolman that defendant was "exceeding a safe speed" was prejudicial and constitutes reversible error.

We will assume, arguendo, that the testimony of the highway patrolman that defendant was "exceeding a safe speed", was inadmissible, and determine if defendant is entitled to a reversal because of such admission. In Kelso v. Independent Tank Company, Okl., 348 P.2d 855, we held:

"Where the cause of a motor vehicle collision is within the knowledge and understanding of ordinary persons, it is an ultimate issue for the jury, and it is prejudicial error to admit expert opinion testimony on such issue, over objection of opposing party.

"Where opinion testimony on an ultimate issue is erroneously admitted over objection of opposing party, opposing party in cross-examining witness on such testimony does not waive the error, and fact that such testimony was to some extent cumulative does not relieve such testimony of its prejudicial effect."

In the Kelso case the highway patrolman expressed his opinion as to what caused the accident and we said that under the facts and circumstances presented, the cause of the accident was within the experience and understanding of ordinary persons and was an ultimate issue for the jury and the admission of such testimony, over the objection of the other party, constituted prejudicial error.

In Jackson v. Brown, Okl., 361 P. 2d 270, we held that in a negligence action growing out of a motor vehicle collision, it was reversible error to admit, over timely objection of the plaintiff, conclusions of the investigating officer, that plaintiff was making an improper turn at the time of the collision. In that case we said that it was clear that the opinion evidence from the officer purported and contemplated to decide the very cause of the collision, an ultimate issue the jury was sworn to determine. However, the mere fact that inadmissible, opinion evidence is admitted, this fact does not necessarily require reversal. In Aldridge v. Patterson, Okl., 276 P.2d 202, we held before a cause should be retried or reversed on account of the admission of incompetent evidence it should affirmatively appear that the admission of such evidence resulted prejudicially to the interest of the party seeking the new trial or reversal. See also Auten v. Livingston, 201 Okl. 467, 207 P.2d 256.

In Maben v. Lee, Okl., 260 P.2d 1064, we quoted with approval 3 Am.Jur., Appeal and Error, Secs. 1027, 1028 and 1029, and said:

"The latter section states the rule thus: " ' * * * The most general test of prejudice in the admission of evidence is the probability that the evidence thus erroneously admitted influenced the verdict by arousing the sympathy or passions of the jury, or resulted in a miscarriage of justice or a violation of a constitutional or statutory right. Where there is such a conflict in the evidence that a determination either way would not be disturbed on appeal, it cannot be said that the losing party is not prejudiced by material evidence erroneously admitted, and this has been held true even though the evidence was cumulative.

" 'The fact that the evidence relates to a vital or principal point in the case or

to a material fact has been regarded as important upon the subject of its prejudice. * * * ' ".

The evidence in the instant action is not in conflict. Plaintiff's uncontradicted evidence disclosed that defendant's vehicle was nine feet across the center line at the time of the impact and defendant's vehicle laid down no skid marks and the Phipps' vehicle laid down 46 feet of skid marks. Photographs depicting the highway and the location of the two vehicles after the accident were in evidence. There is nothing in the record tending to indicate that the speed of defendant's vehicle contributed to or was the proximate cause of the accident, nor that defendant's "exceeding a safe speed", contributed to or was the proximate cause of the accident. In view of the uncontradicted evidence we can only conclude that the admission of the testimony of the highway patrolman that defendant was "exceeding a safe speed" does not constitute prejudicial and reversible error.

Defendant also contends the trial court erred in refusing to permit him to introduce evidence on the issue as to whether the plaintiff minor, Donna Ann Phipps, was the natural daughter and next of kin of the deceased, Donald K. Phipps. In this contention defendant recognizes that under Title 10 O.S.1961, § 1, that all children born in wedlock are presumed to be legitimate and under § 3, thereof, that the presumption of legitimacy can be disputed only by the husband or wife or the descendant of one or both of them. In this connection, see 53 A.L.R.2d 572. However, to sustain his contention, defendant argues that to maintain an action for wrongful death under Title 12 O.S.1961, § 1053, existence of the beneficiaries named in the statute to whom the action survives and pecuniary loss to them must be alleged and proved. See Equels v. Tulsa City Lines, 194 Okl. 79, 147 P.2d 460.

The record discloses that Donna Ann Phipps was born in 1954, during the time that Donna Ann's mother and Donald K. Phipps were husband and wife. In a petition for divorce filed by Donna Ann's mother against Donald K. Phipps in 1957, it was alleged "that of said marriage one child has been born, to wit: Donna Ann * * *." In that proceeding Donald K. Phipps filed his appearance and waiver. The record does not disclose that either the mother or Donald K. Phipps has ever challenged the legitimacy of Donna Ann.

We can only conclude and hold that under the circumstances herein presented the trial court was correct in refusing to permit defendant to introduce evidence challenging her legitimacy.

Judgment affirmed.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, BERRY, LAVENDER and McINERNEY, JJ., concur.

HODGES, J., dissents.

The Court acknowledges the services of Chal Wheeler, who with the aid and counsel of Kay Wilson, Jr., and Joe R. Kennedy, as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to Vice Chief Justice IRWIN, for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.