**MABEN v. LEE.**

No. 35270.

Supreme Court of Oklahoma.

May 5, 1953.

Rehearing Denied July 14, 1953.

*Application for Leave to File Second Petition for Rehearing Denied Sept. 22, 1953.*

Q. D. Gibbs, Okmulgee, Pierce, Rucker, Mock, Tabor & Duncan, Tulsa, for plaintiff in error.

Rainey & Barksdale, Okmulgee, Draper Grigsby, Oklahoma City, for defendant in error.

CORN, Justice.

Since the judgment herein appealed from must be reversed it is unnecessary to set out a detailed statement of the issues raised by the pleadings, the evidence relative thereto, or the various contentions urged on appeal.

Plaintiff, Carl Lee, was driving his truck north on Highway 75 near Beggs, Oklahoma. While attempting to turn left off the highway onto a county road he was involved in a collision with a passenger car driven by defendant. As a result of the accident plaintiff brought suit to recover for personal injuries, and damage to his truck, alleging same resulted from various acts of negligence on the part of defendant.

The defendant denied negligence and alleged the collision resulted from plaintiff's negligence. By cross-petition defendant asked damages for loss of his wife's services, resulting from the injuries she re-

ceived in the same accident, and also sought to recover for damages to his car.

A jury trial resulted in a substantial verdict for plaintiff, upon which the judgment herein appealed from was rendered.

In the opening statement plaintiff's counsel made the following remarks to the jury over defendant's objections.

"After that the accident was investigated by the highway patrolmen and they found that the turn being made by Carl Lee was a proper turn."

\*　　\*　　\*　　\*　　\*　　\*

"That the turn was a proper turn, and the cause of the accident was the negligence of Dr. Maben."

\*　　\*　　\*　　\*　　\*　　\*

"The testimony will show that the charges against the doctor were violation of the rules of the road, to which charges, he plead guilty, and paid a fine."

By reason of such remarks in counsel's opening statement defendant moved for a mistrial, but the motion was overruled.

During the trial, and as a substantial part of the plaintiff's case, plaintiff introduced the deposition of a highway patrolman (Grady Glazner) who investigated the accident in the course of performance of his duties. The witness was qualified as an expert upon the basis of his training and experience. Defendant objected to practically all of the testimony in the deposition, and same first was read in chambers, out of the jury's presence and defendant saved exceptions to the objectionable matter. The defendant objected to most of this deposition being presented for the jury to consider, and contends on appeal that the trial court committed reversible error in permitting the patrolman's testimony as to his opinions and conclusions, gained by the investigation which he conducted at the scene of the collision and approximately one hour after the collision occurred. The length of the deposition precludes such testimony being set out in full. For this reason we summarize only that part of the patrolman's testimony which defendant urges was prejudicial and inadmissible as invading the province of the jury, since it was testimony upon the ultimate facts in issue, and based entirely upon conclusions and opinions.

Witness did not see the accident, but the two vehicles had not been moved when he arrived at the scene. The accident occurred on a level, straight road at a point where same was intersected by a graveled county road. Upon conducting his investigation the patrolman concluded plaintiff was driving in a proper manner but that defendant had been guilty of "passing without clearance" and he thereafter filed charges against defendant. Responding to a direct question the witness stated that the accident was caused by defendant, who attempted to pass at an intersection and was unable to stop in the assured, clear distance ahead. The turning lights on plaintiff's truck were burning when he investigated, this being called to his attention. He also testified that following the collision plaintiff's vehicle was nearly in bar ditch while defendant's car traveled some thirty feet in a northwesterly direction from the point of impact, which was three feet east of the west side of the highway, and nine feet south of the north side of the intersecting county road. The witness testified the position of plaintiff's truck resulted from being "drug or shoved" by the momentum of defendant's car; that there is a definite duty on a vehicle traveling in front, and from his investigation he determined "there was no proof he (plaintiff) did not comply with it." When witness made his investigation he ascertained the names of all parties who knew anything about the accident and talked with these people as witnesses.

Plaintiff presents an extended argument in an effort to establish that the evidence complained of was competent, and that no prejudice resulted to defendant by admission thereof. It is urged first that, under various decisions from this court, the rule is that the admission of opinion evidence upon an ultimate fact in issue is not prejudicial where the record reflects the admission of testimony of the same tenor from other witnesses without objection, since the objectionable testimony is merely cumulative. Oskison v. Bagby, 172

Okl. 569, 46 P.2d 331; H. F. Wilcox Oil & Gas Co. v. Jamison Adm'r, 199 Okl. 691, 190 P.2d 807.

But, the rule relied upon is limited by the principle that such evidence must not be of a prejudicial nature. And, whether prejudice resulted from the erroneous admission of such evidence depends upon the facts of the particular case. See 3 Am.Jur., Appeal and Error, Secs. 1027, 1028 and 1029. The latter section states the rule thus:

"* * *. The most general test of prejudice in the admission of evidence is the probability that the evidence thus erroneously admitted influenced the verdict by arousing the sympathy or passions of the jury, or resulted in a miscarriage of justice or a violation of a constitutional or statutory right. Where there is such a conflict in the evidence that a determination either way would not be disturbed on appeal, it cannot be said that the losing party is not prejudiced by material evidence erroneously admitted, and this has been held true even though the evidence was cumulative.

"The fact that the evidence relates to a vital or principal point in the case or to a material fact has been regarded as important upon the subject of its prejudice. * * *"

██ In the present case the trial court permitted the patrolman to testify to his opinions and conclusions based, at least in part, upon information received from third persons some time after the accident. Such testimony, given by a witness occupying an official position, assuredly must have greatly impressed the jury, particularly since the average layman undoubtedly would be inclined to place the stamp of authenticity upon testimony by such an officer. Although true that some of plaintiff's evidence was of a comparable tenor, and admitting that the objectionable evidence may have been cumulative to some extent, we cannot say that erroneous admission thereof was not prejudicial to defendant. Rather, its admission was material, even vital to defendant and the admission thereof was prejudicial. See also Benzel v. Pitchford, 206 Okl. 672, 245 P.2d 1131, and cases therein cited.

The more serious aspect of the admission of the patrolman's testimony arises out of his being permitted to testify concerning his opinions developed after investigation of the accident, and the positive and unequivocal conclusions drawn therefrom, by means of which he placed responsibility for the accident squarely upon the defendant. Objections were made to all such testimony upon the ground that the answers to questions propounded by plaintiff's counsel, were conclusions of the witness which invaded the province of the jury. ·

Plaintiff's argument is that the patrolman was qualified as an expert, and in testifying as such it was permissible for him to testify concerning the ultimate facts in issue. It is pointed out that the modern trend of authority is to make no distinction between evidentiary facts and ultimate facts subject to an expert opinion, since the real purpose of any lawsuit is to establish the truth of the matter. See 20 Am.Jur., Evidence, Sec. 782; Jones on Evidence, (4th. ed) Sec. 375; Cropper v. Titanium Pigment Company, Inc., 8 Cir., 47 F.2d 1038, 78 A.L.R. 737, and the annotation at page 755. Also relied upon are our recent decisions in Auten v. Livingston, 201 Okl. 467, 207 P.2d 256, and Andrews v. Moery, 205 Okl. 635, 240 P.2d 447. These two cases are strongly urged as fully supporting plaintiff's theory relative to the admissibility of this evidence.

██ Consideration of each of these cases reveals salient points of differentiation. In the Auten case an admitted expert witness was questioned as to whether a party was injured by fault of a machine, *or from some other* reason. The witness gave an unresponsive answer indicating plaintiff was injured by her own negligence. Therein we pointed out the admission of such evidence generally is considered reversible error. See Am.Jur., Evidence, Sec. 790 and cases cited in the body of the opinion. However, we decline to reverse a jury's verdict for defendant, by reason of what was determined to be an applicable rule as announced in Moss v. Taylor, 73 Utah 277, 273 P. 515. Such rule is to the effect that

where an expert witness testifies in detail and at length, prior to being asked objectionable questions, and in response to such questions states an opinion or conclusion upon the ultimate fact in issue, such conclusion is harmless error, since it adds nothing to the weight of his testimony and it is for the jury to determine the true probative value thereof.

In the Moery case, supra, two police officers, who investigated the accident out of which the action arose, testified to the presence of skid marks following the accident. They were permitted to testify that in their opinion these marks were made by the truck involved; that the marks were of a certain length and by reason of their training and experience they were able to give an accurate opinion, based upon the skid marks and physical facts, of the speed of the truck. In holding such evidence admissible we reviewed numerous authorities, and recognized that the weight of authority permits a qualified expert to state his opinion of speed of a vehicle based upon the length of skid marks.

However, it seems to us that there is a vast difference between an expert stating his opinion of the speed of a vehicle, which is determinable with some degree of mathematical certainty by actual calculation made upon the basis of length of the skid marks and other physical circumstances, and testimony by a highway patrolman who, upon the basis of his investigation of physical surroundings, coupled with hearsay information secured from third parties after the accident, attempts by his testimony to decide the issue of negligence by stating unequivocally that the accident occurred as the result of defendant's acts.

■ In 20 Am.Jur., Evidence, Sec. 817, the following rule is stated:

"It is clear that an expert will not be permitted to give opinions as to the cause of a particular occurrence or accident, where the subject matter of the inquiry is of such a character that it may be presumed to lie within the ordinary experience of all men of common education, moving in ordinary walks of life; in such case the jury itself is competent to draw all necessary conclusions from the facts. * * *"

"Under a strict application of the rule against opinion evidence on the ultimate facts, the opinion of an expert should be given as to what 'might' or 'could' have been the cause of a particular occurrence or accident, as distinguished from an opinion as to what did cause the occurrence or accident, which is the final inference to be drawn by the jury from all the facts in proof, illuminated, if necessary, by the experience of experts as to the bearing of any existing fact upon the probability or improbability of one or more of the possible causes being operative at the time of the accident or occurrence in question. Some of the courts lay down the rule that, in such case, to permit an expert to state, even in answer to a hypothetical question, what was the cause of the accident would be to invade the jury's domain, and therefore that such an opinion is inadmissible."

■ Measured by the above quoted rule we are unable to see wherein the matters connected with this accident and about which the witness sought to testify could be considered admissible. So far as this record reflects no testimony which he gave was of a character other than which could be presumed to be within the ordinary experience of average laymen. Every matter about which he testified was a matter of common knowledge or observation. While recognizing the need for expert testimony in proper cases, we do not believe that the broadening of the general rule as to admissibility of expert testimony should be taken as meaning that one professing to be an expert may replace the function of the jury by deciding the very issue which the jury is sworn to determine.

The standard of liability was negligence. The issue was whether the defendant's acts, reflected by all the facts and circumstances, violated such standard. This was peculiarly within the province of the jury to determine. To permit such testimony to go to the jury would be a direct invasion of the

province of the jury. Hadley v. Ross, 195 Okl. 89, 154 P.2d 939.

Numerous other errors have been presented as grounds for reversal of this judgment. In view of the conclusion reached it is unnecessary to deal explicitly with the assigned errors. However, the failure to determine the questions presented by defendant should not be construed as indicating that the questions raised present no error.

Judgment reversed and case remanded for new trial.

HALLEY, C. J., and WELCH, O'NEAL and WILLIAMS, JJ., concur.

DAVISON, J., dissents.