Oliver TUCK, Plaintiff in Error,

v.

Malinda Verna BULLER, Defendant in Error.

No. 37434.

Supreme Court of Oklahoma.

April 16, 1957.

Rehearing Denied May 14, 1957.

Frank Carter, Enid, Pierce, Mock & Duncan, Oklahoma City, for plaintiff in error.

Richard E. Romang, Enid, for defendant in error.

JOHNSON, Justice.

Parties will be referred to as they appeared in the trial court.

Plaintiff (Malinda Verna Buller) sued defendant (Oliver Tuck) for damages for personal injuries, allegedly sustained by her when her husband's car, in which she was a passenger, collided with a car driven by the defendant. A jury trial resulted in a verdict for the plaintiff, upon which the trial court rendered judgment. From an order overruling a motion for a new trial, the defendant appeals.

Defendant argues his assignments of error under two propositions, to-wit: First, that the trial court erred in permitting the highway patrolman to testify with respect to the point of impact between the two vehicles. Second, that the trial court erred in permitting the jury to visit the scene of the accident.

Defendant is concededly aware of our holding in Ruther v. Tyra, 207 Okl. 112, 247 P.2d 964, in which case, following Andrews v. Moery, 205 Okl. 635, 240 P.2d 447, we, following the weight of authority, gave our reasons for allowing an expert investigator to testify concerning speeds of vehicles. However, defendant asserts that he is aware of no rule which allows an expert investigator to state his opinion, based upon his examination of the physical evidence or indicia at the scene of the accident, as to where the questioned point of impact occurred between two vehicles, or which permits an expert accident investigator to testify to anything other than physical facts of which the expert became aware of at the scene of the accident; that the issues of causation and conclusions to be drawn from the physical evidence, except as to speed, are solely for the jury; and argues that the admission of the opinion evidence of the highway patrolman in the instant case relative to the place on the highway where the impact between the two cars involved in the accident occurred was an invasion of the province of the jury, which constituted reversible error, citing and relying on Beckman v. Schroeder, 224 Minn. 370, 28 N.W.2d 629; Hadley v. Ross, 195 Okl. 89, 154 P.2d 939; Ruther v. Tyra, supra, and 20 Am.Jur., Evidence, Sec. 817.

Plaintiff without answering defendant's first proposition elects to stand on the theory that defendant's first proposition cannot be considered on this appeal because the error complained of was not assigned for review by the motion for a new trial or by the petition in error, citing and quoting from the cases of Southwestern Cotton Seed Oil Co. v. Bank of Stroud, 12 Okl. 168, 70 P. 205, and Midland Valley R. Co. v. Price, 127 Okl. 106, 260 P. 26, wherein we held that we would not review an alleged error unless the error complained of was assigned as such by the petition in error as well as by the motion for a new trial.

The motion for a new trial, among other things, alleged that the verdict was not sustained by sufficient evidence and was contrary to law, and that there were errors of law occurring at the trial which were excepted to by the defendant. The petition in error, inter alia, alleged error of the trial court in overruling the defendant's demurrer to the plaintiff's evidence and his motion for a new trial.

Plaintiff contends that the alleged error contained in defendant's first proposition was omitted from the motion for a new trial and the petition in error. We do not

agree. Regardless of the specific findings in the trial court's order overruling defendant's motion for a new trial as to only four of the twelve assignments of error, such order did not preclude the defendant from asserting any other alleged error upon appeal, if such alleged error is covered by the motion for a new trial and petition in error. 12 O.S.1951 § 955. The motion for new trial and petition in error contained sufficient allegations of error to raise the question involved under the defendant's first proposition. Therefore, the question is properly before us for determination, even though plaintiff has not briefed the question. See cases cited above.

Reverting to defendant's first proposition, it was shown that the highway patrolman had been such for nine years; that during that time he had investigated on an average of 100 accidents each year and was qualified as an expert accident investigator. The accident in this case, judging from the line of questions, evidently occurred in the early morning about 8:30 a. m., though defendant questions this fact and asserts that such was not shown. It is also contended that it was not shown that the physical conditions and circumstances which were observed by the patrolman were as they were immediately following the accident. These objectionable matters could have been readily clarified to defendant's satisfaction upon cross examination of the expert witness by the defendant, but they were not so clarified. The defendant listened to the expert's narration of the physical facts as he had observed them shortly after the accident; watched his reconstruction of the accident as he had observed it, and, finally, his expert opinion as to the point of impact or point of collision, and now rests his case upon his rights of objections and exceptions as to the competency of the witness to give his expert opinion as to the point of impact.

As stated by defendant, it is more often than not that the testimony of a highway patrolman is permitted to go into evidence without objection from either side, concerning what he determined to be the point of impact between two automobiles. It is seldom that there is any real issue in regard to the point at which two vehicles collided. When, however, that point is in issue, as in the instant case, any testimony given by the investigator, unless he was a witness to the accident, is necessarily based upon an opinion and a conclusion, which of course, as contended by defendant, is generally a question for the jury. An exception to that rule is expert opinion, which, if admissible, may be considered by the jury in their deliberation for what it is worth.

A wide latitude of discretion is given the trial court in the determination of the admission of expert testimony or expert opinion. Kurn v. Margolin, 187 Okl. 135, 101 P.2d 818. Such opinion evidence is admitted to assist the jury, or trier of facts, as the case may be, and such evidence is usually admissible only when the subject matter of the inquiry is such that inexperienced persons are unlikely to prove capable of forming a correct judgment upon it without such assistance. This the defendant admits, but poses the question of whether the expert opinion evidence offered and received in this case was of such nature that the jury was presumably unable to pass upon it intelligently without the assistance of the opinion of persons possessing peculiar skill and knowledge in the premises.

Defendant argues that the facts in the instant case were of a character equally within the knowledge and comprehension of the jury as of the witness and cites Beckman v. Schroeder, supra.

This case at bar is distinguishable from the cited case for the reason that under the facts involved herein the jury would not have such comprehensive knowledge as to the point of impact as would an expert witness.

There is authority upholding a trial court's action in admitting such evidence. See 9C Blashfield's Auto., Point of Impact, Sec. 6316, and pocket parts. Also see Kalfus v. Fraze, 136 Cal.App.2d 415, 288 P.2d 967, wherein it was held that a police-

officer with proper training and experience in investigation of traffic accidents and submission of reports on facts and causes of such accidents may give expert testimony as to the point of impact when his opinion derives from examination of physical evidence or indicia at the scene.

 The contention of defendant relative to the alleged error in admitting expert testimony as to point of impact being substantially the same as in the Kalfus case, supra, and being without controlling precedent in our own state, we adhere to the rule and reasoning enunciated therein, and apply same to this case, and hold that the highway patrolman, who was qualified by training and experience in the investigation of traffic accidents and submission of reports on facts and causes of such accidents, may give expert testimony as to the point of impact when, as in this case, his opinion derives from examination of physical evidence or indicia at the scene of the accident.

Under defendant's second proposition he complains of the action of the trial court in permitting the jury to visit the scene of the accident. He argues that at the time of the accident and at the time of the trial there was a changed condition; that the impact of observing the intersection in question and the surrounding area completely barren of vegetable growth as contrasted with high weed growth at the date of the accident did or could have had its effect upon the jury in arriving at a verdict. This, the defendant thinks, was highly prejudicial to the defendant, constituted an abuse of the trial court's discretion and resulted in reversible error.

The record discloses that the only change in the condition of the intersection was that the accident happened in the season of the year when there was a growth of vegetation, and that the jury visited the scene in the winter time when there was no vegetation. We fail to see how this matter of common knowledge would prejudice the jury or constitute an abuse of the trial court's discretion. The court did not abuse its discretionary power in allowing the jury to visit the premises. Wilkerson v. Grand River Dam Authority, 195 Okl. 678, 161 P.2d 745, and cited cases, and Spurrier Lumber Co. v. Dodson, 30 Okl. 412, 120 P. 934.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and DAVISON, HALLEY, WILLIAMS, BLACKBIRD, and JACKSON, JJ., concur.