Hugh A. WADE, Plaintiff In Error,

v.

Lela Mae WOLF, Defendant In Error.

No. 37168.

Supreme Court of Oklahoma.

Oct. 23, 1956.

Rehearing Denied Nov. 27, 1956.

As Corrected June 24, 1957.

Application for Leave to File Second Petition for Rehearing Denied June 25, 1957.

Williams & Hansen, Oklahoma City, for plaintiff in error.

Foliart, Hunt & Shepherd, Tom Finney, Jr., Oklahoma City, for defendant in error.

CORN, Justice.

This is an action by Hugh A. Wade, plaintiff, against Lela Mae Wolf, defendant, for damages for personal injuries. The petition contains the usual allegations in this kind of an action, that the injuries to the plaintiff were caused, wholly, directly and proximately by and on account of the negligence of the defendant, and sought judgment for $20,500, and costs of the action.

The amended answer of the defendant denied any negligence, and charged that it was proximately caused or contributed to by plaintiff's failure to yield the right-of-way,

failure to keep a proper lookout, and failure to exercise reasonable care for his own safety. Defendant also alleged that the accident was unavoidable, and that a settlement of the plaintiff's claim had been made and the plaintiff had executed a release of the defendant from any liability, and that the release barred any recovery by plaintiff.

The reply of the plaintiff admitted signing the release, but alleged his signature was obtained by fraud, in that the person obtaining the release told him that the instrument he was signing was a receipt for the money paid him.

From an examination of all the evidence in the record we find it is necessary that this case be reversed and remanded for new trial on account of the introduction of prejudicial evidence of the defendant.

For that reason we will not go into details of how the accident happened, or the extent of the injuries received therefrom, as the case may be retried. Suffice to say the plaintiff was driving his car east on Northeast 23rd street, a mile or so east of Oklahoma City, and had a flat tire. He pulled his car off the pavement on the south side and in walking north across the pavement toward a filling station, he was hit by a car going west, driven by defendant.

A highway patrolman, who arrived at the scene of the accident about 15 minutes after it happened, testified in part as follows:

"Q. Now, Mr. Berry, I will ask you * * * did you examine to see if there were any skid marks on the pavement at the scene of the accident? A. Yes, sir.

"Q. Did you find any skid marks at that point? A. No, sir.

"Q. Did you determine, from your investigation the general path as he walked across the pavement? A. Yes, sir.

"Q. What general pathway did he take? In other words was it directly across or was it angling?

"By Mr. Hansen: If the Court please, we object to that question. In-

competent, irrelevant and immaterial. It has not been brought out how he obtained that information. If he got it from hearsay testimony I don't think it is competent.

"Q. How did you make that determination? A. Statements from the witnesses.

"Q. From the eye witnesses to the accident? A. Yes, sir.

"Q. All right. I will repeat my question * * *

"By Mr. Hansen: Now if the Court please, objected to as incompetent, irrelevant and immaterial.

"By the Court: He cannot testify to what the witnesses told him.

"Q. Now, Mr. Berry, were there any other findings, that you made at the scene of the accident, other than what you have testified to here? A. Well, * * *

"By Mr. Hansen: Excuse me. I believe that question calls for a yes or no answer.

"Q. All right. Just answer it yes or no. A. Yes.

"Q. What were those things? A. Well, I found that Miss Wolf * * * with no improper action on her part.

"By Mr. Hansen: Now, just a minute.

"By the Court: Wait a minute. What is the answer?

"A. I found that Miss Wolf had no improper action in this case.

"By Mr. Hansen: Now, that is objected to, if the Court please. The answer is not responsive to the question for one thing. And it is not up to this officer to determine what her reason was, or what her negligence, or lack of negligence, and, it is incompetent, irrelevant and immaterial and not competent.

"By the Court: Well, he can testify to what he did about it. And, he can tell what he did not do.

"By Mr. Hansen: Well, Your Honor, that is not what he said.

"By the Court: Well, he cannot testify to conclusions. I agree with you. But he can testify to what action he took. If he took any.

"Q. What action did you take? A. No action.

"By Mr. Hansen: Now, let the record show an objection to the question and the answer please.

"By the Court: Overruled. Exception."

In Maben v. Lee, Okl., 260 P.2d 1064, 1067, we held:

"(2, 3) In the present case the trial court permitted the patrolman to testify to his opinions and conclusions based, at least in part, upon information received from third persons some time after the accident. Such testimony, given by a witness occupying an official position, assuredly must have greatly impressed the jury, particularly since the average layman undoubtedly would be inclined to place the stamp of authenticity upon testimony by such an officer. Although true that some of plaintiff's evidence was of a comparable tenor, and admitting that the objectionable evidence may have been cumulative to some extent, we cannot say that erroneous admission thereof was not prejudicial to defendant. Rather, its admission was material, even vital to defendant and the admission thereof was prejudicial."

It is plain from the evidence of the patrolman, over objections of the plaintiff that his opinion was that the defendant was not to blame, and he found no improper action on her part.

The judgment of the trial court is reversed for a new trial.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.