L. L. KELSO and John William Allen,
Plaintiffs in Error,

v.

INDEPENDENT TANK COMPANY, a Corporation, Defendant in Error.

No. 38383.

Supreme Court of Oklahoma.

Jan. 19, 1960.

Looney, Watts, Looney & Nichols, Oklahoma City, for plaintiffs in error.

Duke Duvall, Devier Pierson, Duvall & Head, Oklahoma City, for defendant in error.

JACKSON, Justice.

This is an appeal by defendants from judgment on verdict for plaintiff, Independent Tank Company, for property damage resulting from a collision between plaintiff's truck and a truck owned by defendant Kelso and driven by defendant Allen as Kelso's agent. The vehicles collided while being driven in opposite directions on U. S. Highway No. 62 about 4.4 miles east of Chickasha, Oklahoma.

Plaintiff's petition alleged negligence on the part of the defendants in driving their truck across the center line of the highway. Each defendant filed an answer consisting of a general denial, and defendant Kelso filed a cross-petition for damage to his truck, alleging that plaintiff's driver was negligent in failing to keep a proper lookout, in driving at an excessive speed, and in driving his truck across the center line of the highway.

Defendants present two contentions on appeal: First, that the trial court erred in admitting opinion evidence of a highway patrolman as to the cause of the collision and, second, that the trial court erred in admitting hearsay evidence.

The testimony of the highway patrolman complained of, who was a witness for plaintiff, was, in response to questioning by plaintiff's counsel, as follows:

"A. My opinion as to what caused the accident in this particular case is the pickup truck or the truck that was hauling the sheep pulling the trailer jack-knifed when the brakes were applied on it and went into the tank truck."

Defense counsel objected to the question and moved that the answer be stricken, as invading the province of the jury.

■ The general rule pertaining to the admissibility of opinion evidence is well-stated by the author in an annotation appearing in 146 A.L.R. at page 6:

"The cardinal rule is that a witness must state facts, and not opinions, and consequently, in order that a witness may express an opinion, an exception to the general rule must be made. * * * Broadly speaking, the rule is that a witness possessing special skill in drawing inferences from data furnished by others or from personal observation and investigation may express his opinion whenever the facts are such that inexperienced persons are likely to prove incapable of forming a correct judgment without such assistance, * * *. Stating the rule conversely, neither expert nor nonexpert opinions are admissible where the matters are within the experience or knowledge of persons of ordinary understanding and experience, and where the witness, in order to form his opinion, must draw his deductions from facts which are in the possession of or which can be fully and adequately presented to the jury. Thus, it will be seen that the true theory upon which the opinion rule is based is necessity. In other words, opinion evidence is admissible where it is essential in order that the jury may reach an intelligent decision, and is excluded where superfluous because unnecessary."

We have held, in applying the above-quoted rule, that a highway patrolman may properly give his opinion as to speed of a vehicle and point of impact, based on physical evidence. Andrews v. Moery, 205 Okl. 635, 240 P.2d 447; Ruther v. Tyra, 207 Okl. 112, 247 P.2d 964; Tuck v. Buller, Okl., 311 P.2d 212, 66 A.L.R.2d 1043.

■ In the instant case, the patrolman, prior to expressing the opinion complained of, testified to the approximate point of impact of the vehicles with reference to the center line of the highway, based on debris and other physical evidence, and described the location and extent of damage to the respective vehicles as he observed them at the scene of the collision. Such testimony was clearly admissible under the above-quoted rule and the cases cited. It did not go to an ultimate issue for the jury, and was not prejudicial to the defendant.

■ The opinion complained of, however, was as to the *cause of the collision*. In 20 Am.Jur., Evidence, § 817, p. 687, the following rule is stated:

"It is clear that an expert will not be permitted to give opinions as to the cause of a particular occurrence or accident, where the subject matter of the inquiry is of such a character that it may be presumed to lie within the ordinary experience of all men of common education, moving in ordinary walks of life; in such case the jury itself is competent to draw all necessary conclusions from the facts. * * *"

We have followed and applied the above-quoted rule, reversing judgments because of the erroneous admission of such testimony. Washita Valley Grain Co. v. McElroy, Okl., 262 P.2d 133, opinion of patrolman that plaintiff was not negligent; Wade v. Wolf, Okl., 312 P.2d 493, testimony of patrolman that he found no improper action on part of defendant, and Maben v. Lee, Okl., 260 P.2d 1064, 1065, *opinion of patrolman that collision was caused by defendant*.

We think the facts of the instant case bring it squarely under Maben v. Lee, supra. The fact that the officer's opinion in that case was based partly on hearsay evidence is superfluous and immaterial. The question is not whether the opinion is based on hearsay testimony but whether, regardless of its basis, it invades the province of the jury, the case of Long v. State, Okl.Cr., 274 P.2d 553, cited by plaintiff, is not pertinent. In that case the officer testified to the point of impact, which we approved in Tuck v. Buller, supra, not to the cause of the collision.

Plaintiffs argue that even if it was error to admit the officer's opinion complained

of, defendants waived the error by introducing the diagram portion of the officer's written report which the officer testified was a "picture of the accident," and "That is my opinion the way it happened."

■ The defendants' questioning of the witness was on cross-examination. They did not make him their witness. Such being the case, defendants waived no rights. The language at page 859 of the opinion in Continental Oil Co. v. Elias, Okl., 307 P.2d 849, quoted by plaintiff in its brief, was not pertinent to the question involved, and formed no basis for our holding therein.

In Maben v. Lee, supra, plaintiff therein argued that the admission of opinion evidence upon an ultimate fact in issue is not prejudicial where the record reflects the admission of testimony of the same tenor from other witnesses without objection, since the objectionable testimony is merely cumulative. At page 1067 of 260 P.2d, we said:

"But, the rule relied upon is limited by the principle that such evidence must not be of a prejudicial nature. * * *

* * * * * *

" * * * Such testimony, given by a witness occupying an official position, assuredly must have greatly impressed the jury, particularly since the average layman undoubtedly would be inclined to place the stamp of authenticity upon testimony of such an officer. Although true that some of plaintiff's evidence was of a comparable tenor, and admitting that the objectionable evidence may have been cumulative to some extent, we cannot say that erroneous admission thereof was not prejudicial to defendant. Rather, its admission was material, even vital to defendant and the admission thereof was prejudicial."

■ We are accordingly of the opinion and hold that, under the facts and circumstances of this case the cause of the motor vehicle collision in question was within the experience and understanding of ordinary persons, and was an ultimate issue for the jury. It was, therefore, prejudicial error to admit expert opinion testimony on such issue, over the objection of the other party.

Inasmuch as our conclusion requires a re-trial of this cause, we deem it appropriate to comment on defendants' remaining contention, that it was error to permit plaintiff's counsel to use depositions of defendants Allen and Hoeman in cross-examination, for the reason that said depositions were taken in connection with another action.

■ Defendants' contention would be well taken if the witnesses were not parties to the action, and the depositions were sought to be introduced other than for impeachment purposes. It is a fundamental general rule of evidence that *any* statement made by a *party* to an action which amounts to an admission against interest is admissible, whether the statement is oral or written, sworn or unsworn, regardless of where or under what circumstances the statement was made; and any witness may be impeached by use of a prior inconsistent statement, also regardless of where or under what circumstances the statement was made, if it is not inadmissible on some other ground, such as privilege. In the instant case it appears that the depositions were used for impeachment purposes, which was clearly permissible. 31 C.J.S. Evidence § 308, page 1085–1086; Harry v. Hertzler, 185 Okl. 151, 90 P.2d 656; 20 Am.Jur., Evidence, Sec. 544.

Judgment reversed, and case remanded with directions to grant defendants a new trial.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, JOHNSON, BLACKBIRD, IRWIN and BERRY, JJ., concur.

HALLEY, J., dissents.