Jerry Sue JACKSON, Plaintiff in Error,
v.
Charles Robert BROWN et al., Defendants
in Error.
No. 38838.

Supreme Court of Oklahoma.
April 18, 1961.

Wallace & Wallace, Sapulpa, and Jack B. Sellers, Drumright, for plaintiff in error.

Rucker, Tabor, Best, Sharp & Shepherd, Joseph M. Best, Tulsa, for defendants in error.

WILLIAMS, Chief Justice.

This action arose out of a motor vehicle collision between a coupe driven by plaintiff in error and a panel truck owned by the defendant in error, Louie Brown, d/b/a Louie Brown Meat Company, and driven by his employee and son, Charles Robert Brown, defendant in error. When plaintiff in error instituted the action to recover damages for personal injuries she allegedly received as a result of the accident, she named father and son as defendants. The parties will be referred to as they appeared in the trial court.

The collision occurred in Tulsa on Yale avenue approximately thirty-two feet south of its intersection with Dawson Road. Prior to the collision, plaintiff had been traveling west on Dawson and had turned left onto Yale, a four lane street. An entranceway on Yale to a feed mill was thirty-six feet south of Dawson. As plaintiff was attempting to turn right into said entranceway her vehicle was struck by defendants'. The damage to plaintiff's vehicle was essentially to the right rear fender and bumper. Defendant driver testified that after he stopped at the stop sign on Yale at Daw-

son Road he crossed Dawson and continued south on Yale; that plaintiff stopped her vehicle when he was a car-length behind; that he applied his brakes, but was not able to stop before his vehicle hit plaintiff's; that plaintiff did not signal before she stopped.

The plaintiff testified that defendants' vehicle was "about fifty, seventy-five feet maybe" away at the time she started into the turn from Dawson Road onto Yale; that "I was going to make a right hand turn on to the west and it was all sort of the same process, as to get on the right hand lane of traffic and then turn into the mill, and it was all about one and the same thing"; that she used her blinker lights and an arm signal to indicate she was going to turn into the mill; that she was travelling approximately five miles per hour at the time of the collision.

Two witnesses to the collision testified that they were on the dock at the feed mill at the time of the collision; that they observed defendants' vehicle as it approached the intersection; that it did not obey the stop sign on Yale, but continued south on Yale across Dawson, without stopping, at a speed of twenty to twenty-five miles per hour; that plaintiff's vehicle was traveling about five miles per hour when struck by defendants'.

For reversal plaintiff advances three propositions. The first one is as follows:

"Where the investigating officer of a traffic accident testifies concerning his findings at the scene, he may testify only as to the facts which he has found, and may not characterize the actions of the driver of a vehicle as 'improper', and where the trial court permits him so to testify, it is reversible error."

A portion of the cross-examination of the investigating officer is as follows:

"Q. As a matter of fact, you found that she had cut this corner here, didn't you?

"Mr. Wallace. Object to that, that is not his testimony.

"The Court. Overruled.

"Q. Did you find she had cut this corner here? (At Dawson Road and Yale). A. Yes sir.

"Q. And she was making an improper turn here? (at the mill) A. Yes, sir.

"Q. Now, what is this down here?

"Mr. Wallace. I am objecting to this whole line of testimony, number one, it is assuming facts not in evidence, second, it is asking for a conclusion of the witness based upon something not in evidence here. He has testified there were no skid marks, there were no markings upon the roadway, and he is asking him to state as to the propriety of the turn in there.

"The Court. He is your witness. You called him as an expert witness.

"Mr. Wallace. Yes, sir, but I didn't ask him for his conclusions.

"The Court. Overruled.

"Mr. Wallace. Exception."

On direct examination the officer testified:

"There were no skid marks on the surface of the street."

■ An investigating officer shown to be qualified in investigation of traffic accidents may properly give expert testimony as to the point of impact or speed of a motor vehicle when his opinion is derived solely from an examination of physical evidence found at the scene of a collision. Tuck v. Buller, Okl., 311 P.2d 212, 66 A.L.R.2d 1043. This expert testimony should be elicited in the form of an opinion rather than in terms of categorical facts. The witness may give only physical facts disclosed in course of his investigation. He should not be allowed to voice any opinion concerning the cause of the collision. Maben v. Lee, Okl., 260 P.2d 1064.

■ The proof adduced from the investigating officer in the instant cause extends beyond the outlined limits of permissible inquiry. Much of the testimony (objected to by the plaintiff) was elicited by questions which contemplated positive and unequivo-

cal conclusions. This is plainly reflected in the officer's answers that plaintiff cut a corner just prior to the collision and at the time of the collision she was making an improper turn. Such testimony given by a witness occupying an official position assuredly must have greatly impressed the jury, particularly since the average layman uudoubtedly would be inclined to place the stamp of authenticity upon testimony by such an officer. Swink v. Colcord, 10 Cir., 239 F.2d 518; Maben v. Lee, supra.

In Wade v. Wolf, Okl., 312 P.2d 493, we said:

"In a negligence action growing out of an accident, it was reversible error to admit, over objections of the plaintiff, evidence of the highway patrolman who investigated the accident in the course of his official duties, as to the lack of negligence of the defendant, as that was a matter to be determined by the jury under proper instructions of the court."

A necessary corollary is that it is reversible error to permit the investigating officer to testify that plaintiff was making an improper turn at the time of the collision.

By the plain import of the answer to the question, "And she was making an improper turn here?", it was inferred that the collision would not have occurred except for an improper course of travel on the part of the plaintiff. This testimony was clearly incompetent as an invasion of the province of the triers of the facts. When viewed in its entirety the conclusion is inescapable that the testimony of the officer undertook to determine the plaintiff's responsibility for the collision by showing that it was the result of improper actions on her part; that she was guilty of contributory negligence as pleaded by defendants in their answer. It is thus clear that the opinion evidence elicited from the officer purports and contemplates to decide the very cause of the collision—an ultimate issue the jury is sworn to determine. Washita Valley Grain Co. v. McElroy, Okl., 262 P.2d 133. The

facts in the instant case were of a character equally within the knowledge and comprehension of the jury as of the witness.

In Kelso v. Independent Tank Co., Okl., 348 P.2d 855, 856, we said:

"Where the cause of a motor vehicle collision is within the knowledge and understanding of ordinary persons, it is an ultimate issue for the jury, and it is prejudicial error to admit expert testimony on such issue, over objection of opposing party."

In view of the conclusion reached, it is not necessary to deal explicitly with the other assigned errors, since upon a retrial of the issues involved such alleged errors will probably not again occur.

Judgment reversed and cause remanded for new trial.

BLACKBIRD, V. C. J., and WELCH, DAVISON, HALLEY, JACKSON and IRWIN, JJ., concur.

JOHNSON and BERRY, JJ., dissent.