G. W. PARRIS, Appellant,

v.

Bertie HARRIS, Appellee.

No. 8069.

United States Court of Appeals
Tenth Circuit.

Sept. 30, 1965.

Johnson, Oklahoma City, Okl., on brief), for appellant.

Ben T. Lampkin, Jr., Oklahoma City, Okl. (Lampkin & Wolfe, Oklahoma City, Okl., on brief), for appellee.

Before PHILLIPS, LEWIS and BREITENSTEIN, Circuit Judges.

ORIE L. PHILLIPS, Circuit Judge.

Harris commenced this action against Parris to recover damages for personal injuries suffered by Harris in an automobile-truck collision near Rome, Texas, on December 4, 1961, allegedly caused by the negligence of one Walker, the driver of the truck, and an agent and employee of Parris. Parris, in his answer, alleged that Harris was contributorily negligent. Trial was to a jury which returned a verdict for Harris in the amount of $12,-500. Judgment was entered on the verdict and Parris has appealed.

The highway at the location where the collision occurred splits into a wye intersection. The base of the wye and the west leg run approximately north and south, while the east leg runs northwest and southeast. Harris was traveling in his automobile in a northerly direction on the west leg of the wye and Walker was traveling in a truck-tractor pulling a trailer loaded with grain in a southerly direction on the base of the wye. It was Walker's plan to turn left onto the east leg of the wye, but as he was turning, the front of the auto driven by Harris collided with the right side of the truck driven by Walker.

During the course of the trial, the Texas highway patrolman who investigated the accident was called as a witness for Harris. He testified that he had been trained in accident investigation during a four-month recruit training school and in periodic in-service training schools and that he had investigated 60 to 65 accidents per year for about four years.

The patrolman was then asked to mark on a diagram of the wye intersection the point where the two vehicles came into contact. Counsel for Parris objected to the question, but the patrolman was al-

Robert D. Looney, Oklahoma City, Okl. (Looney, Watts, Looney, Nichols &

lowed to mark the point of impact on the diagram. The patrolman then testified that he was able to determine that point because of headlight glass and dirt which he found on the highway.

The patrolman then testified that the truck had been damaged on the right side of the tractor, to the rear of the right front tire. He was then asked how much of the truck extended over the center line of the north-south portion of the highway at the time of the collision, and counsel for Parris objected on the ground that the witness was not qualified to answer. His objection was overruled and the patrolman then answered that approximately 15 feet of the truck extended over such center line at the time of the collision.

During cross-examination of the patrolman, counsel for Parris asked to see the notes taken by the patrolman at the scene of the accident. He then asked the patrolman if such notes were available to the public for examination and the patrolman answered that they were not. Counsel for Parris then asked two inconsequential questions of the patrolman relating to the notes.

On redirect examination, counsel for Harris established by questioning the patrolman that the notes were made by the officer at the scene of the accident. He then offered the notes in evidence and counsel for Parris said: "No objection. He has testified. We don't see any purpose that would be served by them." No ruling on the admission of the notes was made by the court.

At the conclusion of all the evidence, in the presence of the jury, a discussion relative to the exhibits was had among counsel for both parties and the court and the following colloquy took place:

"MR. LAMPKIN: [Counsel for Harris] And the officer's report?

"THE COURT: No, that's not in evidence.

"MR. TILLMAN: [Counsel for Parris] There was never any objection to it, your Honor.

"THE COURT: Yes, he objected to it, didn't you?

"MR. LOONEY: [Counsel for Parris] We made just a statement about it for the record, if your Honor please. The trooper had already testified about it."

No ruling was ever made by the court on the admissibility of the patrolman's notes and there is no indication in the record that such notes were ever seen by the jury. Counsel for Parris made no request for a cautionary instruction, and did not move for a mistrial because of the offering of such notes.

Parris contends that counsel for Harris offered the notes of the patrolman into evidence, knowing that such notes were inadmissible, for the sole purpose of forcing an objection in the presence of the jury which would prejudice Parris. We find no merit in that contention.

■ During direct examination, counsel for Harris made no reference to the patrolman's notes. That subject having been introduced on cross-examination, apparently for the sole purpose of showing that such notes were confidential, we think that Parris cannot now be heard to complain of opposing counsel's attempt to show that although such notes were confidential, nothing material in them was being withheld from the jury.

■ Further, Parris not only failed to request a cautionary instruction or to request a mistrial, but also advised the court on two occasions that although he thought the admission of such notes would serve no purpose, he had no objection to their admission. Under those circumstances, he has waived any objection he might have had to the conduct of opposing counsel.[1]

Parris also contends that the court erred in permitting the patrolman to tes-

1. Metropolitan Life Ins. Co. v. Banion, 10 Cir., 106 F.2d 561, 568, pet. for cert. dism. 309 U.S. 691, 60 S.Ct. 468, 84 L.Ed. 1033; Nichols v. Barton, 10 Cir., 201 F.2d 110, 112; Donley v. Christopher, 10 Cir., 320 F.2d 24, 26.

tify over objection to his opinion of the location of the point of impact and the position of the truck at the time of the collision. We do not agree.

 The Oklahoma Supreme Court has held that a police officer who has had proper training and experience in the investigation of traffic accidents and the submission of reports on facts and causes of accidents may give expert testimony as to the point of impact, when his opinion is based upon physical evidence observed at the scene of a collision.[2] Here, a proper foundation of training and experience was established and the patrolman testified that he based his opinion on the physical evidence he observed at the scene of the accident. Thus, under Oklahoma law, his opinion as to the point of impact was properly admitted.

Since the patrolman established the approximate location on the highway where the collision occurred, and since the location of the damage on the truck was established, we think it was also proper for the patrolman to testify as to the position of the truck on the highway at the time of the collision. In order to so testify, it was necessary only for him to place the damaged portion of the truck at the point of impact on the highway and then estimate the distance between the center line of the highway and the front of the truck.

Finally, Parris contends that the trial court failed to instruct the jury properly on contributory negligence.

In its instructions, the court defined contributory negligence, instructed on proximate cause, the duty resting upon each driver, the burden of proof on an affirmative defense and the effect of a finding by the jury of negligence on the part of the plaintiff, which contributed to the collision. When the court's instructions are considered as a whole, we think the issue of contributory negligence was fairly presented to the jury. The instructions "gave the jury a correct

understanding of the questions which it was to decide and the pertinent principles of law to guide it in that decision, which is all that is required." Riley v. Layton, 10 Cir., 329 F.2d 53, 58.

The judgment is affirmed.

2. Jackson v. Brown, Okl., 361 P.2d 270, 271; Kelso v. Independent Tank Company, Okl., 348 P.2d 855, 857; Tuck v. Buller, Okl., 311 P.2d 212, 214, 215, 66 A.L.R.2d 1043.