Sue **JOHNS**, Plaintiff-in-Error,

v.

**SAFEWAY STORES, INCORPORATED**, a Corporation, Defendant-in-Error.

No. 42733.

Court of Appeals of Oklahoma
Division No. 1–A.

Dec. 8, 1969.

Sandlin & Daugherty, Holdenville, K. D. Bailey, Okmulgee, for plaintiff in error.

Hudson Wheaton & Brett, Tulsa, for defendant in error.

WILSON, Judge.

In this slip and fall damage suit the trial court sustained the defendant's demurrer to the plaintiff's evidence and rendered judgment for Safeway. The plaintiff's appeal asserts the trial court erred in not allowing a witness for the plaintiff to give his opinion as to what caused plaintiff to fall, and in sustaining the demurrer to plaintiff's evidence.

The plaintiff, Sue Johns, testified she was 55 years of age and had shopped in defendant's store for a number of years. That on a Saturday afternoon after she had been shopping in the store for about thirty minutes and was near the check-out stand, her right foot slipped and she fell. At the time of the fall she did not notice anything unusual about the floor. She was assisted to a back room and in 10 to 15 minutes she returned to the check-out stand and checked out her groceries. As she passed the area where she had fallen she noticed a skid mark on the floor and noticed the floor had wax on it. That when she arrived home she examined her shoes and between the body of the right shoe and the sole there was a bit of wax. She said the wax on the floor caused her to fall.

The plaintiff offered the testimony of Ray Scott, a custodian working for the Holdenville Board of Education for sixteen years, as a purported expert on cleaning and waxing of floors. He had the day before the trial made a hurried test of samples of cleaner and wax the defendant had furnished plaintiff as that used in the store. At the conclusion of an hypothetical question he was asked, "Do you have an opinion, with reasonable certainty as to what caused this lady to fall?" The trial court sustained an objection to the question, which plaintiff asserts and argues was error.

 The cause of a person falling in a store is a matter within the ordinary experience of all men of common education moving in ordinary walks of life. Here the cause of the plaintiff's fall was the ultimate fact question in the case for the jury and not one on which an expert should be permitted to give his opinion. Maben v. Lee (1953) Okl., 260 P.2d 1064; Kelso v. Independent Tank Company (1960) Okl., 348 P.2d 855. The trial court was correct in sustaining the objection.

Then we have the question of whether or not plaintiff's testimony, considered in its most favorable light, was sufficient to withstand a demurrer. Both parties to the appeal cite J. C. Penny v. Hoover (1966) Okl., 414 P.2d 293, with plaintiff contending the rule is too strict and severe and defendant contending it is analogous to the facts in this case and controlling.

In Penny v. Hoover, the lady falling testified she felt a substance that seemed to be wax, oil or something else and her companion testified she saw a skid mark in the area. The Court on appeal reversed with directions to enter judgment for the store. And in Safeway Stores Inc. v. Dobbs (1967) Okl., 424 P.2d 55, the Court held in a floor wax-slip and fall case that Penny v. Hoover controlled and reversed for the store.

Here, as in Safeway Stores Inc. v. Dobbs, supra, there was no evidence that defendant was negligent in the waxing or care of the floor, or that the defendant, in the exercise of ordinary care, knew or should have known of a dangerous or slippery condition of the floor.

It appears that under the established law of Oklahoma it takes more than was presented by plaintiff's evidence to withstand a demurrer to the evidence. We believe the trial court correctly applied the law in sustaining the demurrer.

The judgment is affirmed.

IRWIN, P. J., and MARIS, J., concur.